**Bliss H. GREEN, Plaintiff–Appellant,**

v.

**ANALYTICAL SURVEYS, INC., et al., Defendants–Appellees.**

No. 03–2650.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 10, 2003.*

Decided Dec. 10, 2003.

Rehearing and Rehearing En Banc Denied Dec. 31, 2003.

Bliss H. Green, pro se, Myrtle Creek, OR, Plaintiff–Appellant.

Stacy L. Prall, Baker & Daniels, Indianapolis, IN, for Defendants–Appellees.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

**ORDER**

Bliss Green appeals from the denial of his third attempt under Fed.R.Civ.P. 60(b) to overturn the settlement of a class action alleging securities fraud by Analytical Surveys, Inc., and several of its directors and officers. Because Green's underlying motion "was nothing more than the first step in an attempt to take an untimely appeal," *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir.2000), we dismiss for lack of jurisdiction.

Green is one of many investors who acquired Analytical Surveys common stock on the open market during 1999 and early 2000. In May 2000 the district court consolidated several class actions brought by these investors claiming that the company had disseminated false financial data to inflate the price of its stock, and that four of the individual defendants had profited from the fraud by selling personally owned shares. Green, not satisfied by the scope of the consolidated litigation, tendered to the district court in June 2000 his own pro se "complaint" seeking to enlarge the plaintiff class and add additional defendants and claims. The district court entered an order declaring the document to have "no effect" but encouraged class counsel to examine Green's submission as they prepared a contemplated amended complaint. But the amended pleading, filed in July 2000, incorporated none of

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Green's proposals, prompting him to file a motion to intervene in November 2000. That motion–and Green's subsequent motion to reconsider–was denied in April 2001, and on September 21, 2001, the district court entered a judgment approving the terms of a settlement facilitated by Magistrate Judge Shields. Green had earlier opted out of the plaintiff class, but shortly after the settlement was approved he submitted a proof of claim and advised the district court that he had reconsidered and agreed to be bound by the settlement. Green received his share of the settlement fund after the district court approved its distribution in August 2002, but, apparently unhappy with the amount, Green filed another motion to intervene and a series of Rule 60(b) motions challenging the settlement agreement. Green's final Rule 60(b) motion was filed and denied in May 2003, and Green's notice of appeal is timely only as to this last motion.

Rule 60(b) allows a district court to relieve a party from a judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Rule 60(b) allows modification to a judgment based only on grounds unavailable to the movant on direct appeal. *See Bell,* 214 F.3d at 801. Green did not invoke any of the permitted bases for Rule 60(b) relief in his motion; instead he argued that Magistrate Judge Shields lacked "jurisdiction" to facilitate the settlement of the class action because Green never consented to the magistrate judge's involvement in the matter. But this is precisely the kind of argument that could have been made in an objection to the settlement agreement when it was pro-

posed, and in an appeal from the district court's judgment approving that settlement. *See Devlin v. Scardelletti,* 536 U.S. 1, 14, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002). Green–if he was a class member–passed by that opportunity and instead invoked Rule 60(b) in an untimely attempt to appeal the district court's acceptance of the settlement agreement. *Bell,* 214 F.3d at 801.

AFFIRMED.