NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 19, 2008*
Decided January 5, 2009

### Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| **No**.  08-1723 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| BLISS H. GREEN, *Plaintiff-Appellant*, | |
| **v.** | No.  IP 00-201 C-M/S |
| ANALYTICAL SURVEYS, INCORPORATED, *et al.*, *Defendants-Appellees*. | Larry J. McKinney *Judge*. |

### Order

Class actions under federal securities laws against Analytical Surveys and other defendants were filed and consolidated in the Southern District of Indiana. Bliss Green, a member of the certified class, attempted to pursue an individual action. Told that he

---

*  This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

could do this only by opting out of the class, Green did so. But when the class action was settled, Green opted back in and accepted the benefit of the settlement. Ever since, he has been attempting to have his cake and eat it too--retaining the settlement's benefits while pursuing additional relief. The district court has blocked his maneuvers, and we have affirmed. E.g., *Green v. Analytical Surveys, Inc.*, No. 03-2650 (7th Cir. Dec. 10, 2003) (unpublished order). But Green refuses to accept defeat. He continues to file in the district court motions functionally identical to those already litigated and resolved. These motions waste the district court's time and require counsel who resolved the class action to spend resources defeating the requests.

Green's most recent attempt to reopen the litigation is as frivolous as its predecessors. He proposes to "amend his complaint", but that step is appropriate only in pending litigation. Complaints can't be amended after the suit is concluded. Both the district court and this court have informed Green repeatedly that a judgment may be reopened only by a motion under Fed. R. Civ. P. 60(b), and that the sort of arguments that Green has offered in the past (and continues to advance) do not justify reopening under that Rule.

It is long past time for Green to put this dispute behind him. More to the point, the other parties, the lawyers, and the district court are entitled to the repose granted by a valid judgment.

Green's current appeal is frivolous and an appropriate subject of sanctions under Fed. R. App. P. 38. We direct Green to show cause within 14 days why sanctions (potentially including a fine and attorneys' fees) should not be imposed. Counsel for the class should file within the same time a statement of the attorneys' fees reasonably incurred in opposing the current appeal. Green must understand that, if sanctions are imposed, failure to pay will lead to the entry of an order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), curtailing his further litigation in the courts of this circuit.

AFFIRMED; ORDER TO SHOW CAUSE ISSUED