In the
United States Court of Appeals
For the Seventh Circuit

No. 98-4142

Cephus Bell,

Plaintiff-Appellant,

v.

Eastman Kodak Company,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern
Division.
No. 95 C 4687--Sidney I. Schenkier, Magistrate
Judge.

Argued April 6, 2000--Decided May 25, 2000

Before Posner, Chief Judge, and Flaum and
Ripple, Circuit Judges.

Posner, Chief Judge.  The plaintiff filed
a Title VII suit in which he claimed
among other things that he had been
denied a promotion on racial grounds, on
the recommendation of his supervisor,
Kachenmeister. On March 6, 1998, the
district court (Magistrate Judge
Pallmeyer) granted summary judgment for
the defendant and dismissed the suit. The
plaintiff did not appeal but instead, on
May 1, 1998, filed a motion to reconsider
her decision. In the motion, which we
deem a Rule 60(b) motion because filed
more than 10 days after the judgment,
Helm v. Resolution Trust Corp., 43 F.3d
1163, 1166-67 (7th Cir. 1995), and which
was referred to Magistrate Judge Shenkier
when Judge Pallmeyer was promoted to
district judge, the plaintiff pointed to
evidence that he had not cited to the
district court in opposition to the
defendant's motion--evidence showing, he
argued, that Kachenmeister's grounds for
recommending against the promotion of the
plaintiff were pretextual. Magistrate
Judge Shenkier denied the Rule 60(b)
motion on the ground that one cannot

raise an objection to summary judgment after it is granted when the objection could have been made before. The plaintiff has appealed, and the defendant responds that the magistrate judge did not abuse his discretion in denying the motion, abuse of discretion being the standard of appellate review of rulings on such motions, Browder v. Director, 434 U.S. 257, 263 n. 7 (1978); Publicis Communication v. True North Communications, Inc., 206 F.3d 725, 730 (7th Cir. 2000); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure sec. 2857, p. 255 (2d ed. 1995), other than when the ground is that the judgment sought to be vacated is void, Fed. R. Civ. P. 60(b)(4), an either-or kind of judgment. New York Life Ins. Co. v. Brown, 84 F.3d 137, 142 (5th Cir. 1996).

Far from being an abuse of discretion, the denial of the Rule 60(b) motion was inevitable. The motion could not have been granted, because it was nothing more than the first step in an attempt to take an untimely appeal. The appeal that the plaintiff has taken from the denial of the motion is in fact an untimely appeal from the final judgment that the Rule 60(b) motion challenged, and because it is untimely it must be dismissed.

To explain: As the plaintiff's briefs make clear, and was confirmed at argument, the only basis of the Rule 60(b) motion was the plaintiff's belief that Magistrate Judge Pallmeyer (as she then was), in granting summary judgment for the defendant, had overlooked or misinterpreted key evidence bearing on Kachenmeister's evaluation of the plaintiff's suitability for promotion. The plaintiff's only quarrel with Magistrate Judge Shenkier--the only basis for this appeal--is the latter's failure to rectify his predecessor's mistake by granting the motion. The plaintiff thus had tried to use Rule 60(b) to appeal a final judgment entered by one magistrate judge to another magistrate judge, rather than to the court of appeals. Having discovered his mistake he now seeks to use an appeal from the second magistrate judge's order denying him relief as the vehicle for getting the review from us that he could have gotten had he appealed to us from the judgment dismissing his suit within the 30 days (from March 6,

1998) allowed for an appeal. Since the filing of a Rule 60(b) motion does not toll the time for filing an appeal from the judgment challenged by the motion, it is too late for him to appeal that judgment. The appeal is untimely, and we have no jurisdiction to review untimely appeals. E.g., Browder v. Director, supra, 434 U.S at 264; Prizevoits v. Indiana Bell Telephone Co., 76 F.3d 132 (7th Cir. 1996).

The parties, and Magistrate Judge Shenkier, have misunderstood the office and scope of Rule 60(b). The rule governs collateral attack on a final judgment rendered by a federal district court in a civil case; and collateral attack, especially in civil cases, is disfavored because of the social interest in expedition and finality in litigation. A collateral attack on a final judgment is not a permissible substitute for appealing the judgment within the time, standardly 30 days, for appealing the judgment of a federal district court. Oxxford Clothes XX, Inc. v. Expeditors Int'l of Washington, Inc., 127 F.3d 574, 577 (7th Cir. 1997); Parke-Chapley Construction Co. v. Cherrington, 865 F.2d 907, 915 (7th Cir. 1989); Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1203-04 (5th Cir. 1993) (per curiam); 11 Wright, Miller & Kane, supra, sec. 2851, p. 230. The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal. For example, the judgment might be void because thedefendant had never been made aware of it and so had no opportunity to challenge it by means of a direct appeal. Fed. R. Civ. P. 60(b)(4); Central Laborers' Pension, Welfare & Annuity Funds v. Griffee, 198 F.3d 642 (7th Cir. 1999); New York Life Ins. Co. v. Brown, supra, 84 F.3d at 142-43; 11 Wright, Miller & Kane, supra, sec. 2862, pp. 326-27. Or the judgment might have been obtained by a fraud that the losing party could not have discovered in time to have it rectified by the court of appeals on direct appeal. Fed. R. Civ. P. 60(b)(3); Lonsdorf v. Seefeldt, 47 F.3d 893, 898 (7th Cir. 1995); Philips Medical Systems Int'l B.V. v. Bruetman, 8 F.3d 600, 606-07 (7th Cir. 1993); Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000); 11 Wright, Miller & Kane, supra, sec. 2860. Or newly

discovered evidence that could not have been obtained at the time of the original litigation may show that the judgment was erroneous. Fed. R. Civ. P. 60(b)(2); Publicis Communication v. True North Communications Inc., supra, 206 F.3d at 730; Jones v. Lincoln Elec. Co., 188 F.3d 709, 732-36 (7th Cir. 1999); Schwieger v. Farm Bureau Ins. Co., 207 F.3d 480, 487 (8th Cir. 2000); 11 Wright, Miller & Kane, supra, sec. 2859. Or, if the judgment was an equitable one that had remained in effect for many years, changed circumstances may have made it obsolete, Fed. R. Civ. P. 60(b)(5); Agostini v. Felton, 521 U.S. 203, 238-39 (1997); 11 Wright, Miller & Kane, supra, sec. 2863, pp. 336-38; id. at 51-52 (Supp. 2000); obviously those changed circumstances could not have been presented to the appellate court in a direct appeal from the judgment when entered.

We need not canvass the other possible grounds for a Rule 60(b) motion. The common thread is that like the ones we've discussed they are grounds that could not, in the circumstances, have been presented in a direct appeal. That is why a lack of subject-matter jurisdiction is not by itself a basis for deeming a judgment void, that is, open to collateral attack. Durfee v. Duke, 375 U.S. 106, 116 (1963); Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 377 (1940); In re Factor VIII or IX Concentrate Blood Products Litigation, 159 F.3d 1016, 1019 (7th Cir. 1998); In re Edwards, 962 F.2d 641, 644 (7th Cir. 1992); Hernandez v. Conriv Realty Associates, 182 F.3d 121, 123 n. 3 (2d Cir. 1999); 11 Wright, Miller & Kane, supra, sec. 2862, p. 331. For ordinarily that is a ground for reversal that can be presented to the appellate court on direct appeal. To allow a ground that can be adequately presented in a direct appeal to be made the basis of a collateral attack would open the door to untimely appeals, the spectre that this case illustrates. The losing party could reserve the ground until he had presented it unsuccessfully to the district court in the form of a Rule 60(b) motion. That is not permitted and this means that Judge Shenkier should not have considered the merits of the plaintiff's motion. He should have dismissed it upon determining that it presented no ground for relief

that could not have been presented by way of an appeal from the final judgment rendered by Judge Pallmeyer.

The closest the plaintiff comes to suggesting a valid basis for a collateral attack on the judgment (and it's not close) is when he tells us that certain evidence favorable to him "was not presented when it should have been due to the fact that the two lawyers who worked on the case left [the law firm that represented the plaintiff in the district court], one during discovery and one during the Summary Judgment period. Plaintiff dropped [that firm] and secured new counsel in December of 1998, to handle this appeal." In other words, the plaintiff is arguing ineffective assistance of counsel, and while that is a ground for a collateral attack on a criminal judgment, e.g., Hernandez v. Cowan, 200 F.3d 995 (7th Cir. 2000), it is not a basis for collateral attack on a civil one. Sparrow v. Heller, 116 F.3d 204, 206-07 (7th Cir. 1997); Helm v. Resolution Trust Corp., 84 F.3d 874, 878-79 (7th Cir. 1996); United States v. 817 N.E. 29th Drive, 175 F.3d 1304, 1311 n. 14 (11th Cir. 1999). The exclusive remedy for legal malpractice in a civil case, as these cases explain, is a suit for malpractice or for breach of fiduciary duty. The plaintiff's appeal, therefore, which we have recharacterized as an attempt to take an untimely appeal from the final judgment entered by Judge Pallmeyer, must be dismissed with directions that the denial of the plaintiff's Rule 60(b) motion be converted to a dismissal because the motion was outside the scope of the rule.

It remains only to note our puzzlement at the reassignment of this case to Magistrate Judge Shenkier. Remember that Judge Pallmeyer had dismissed the plaintiff's suit on March 6, 1998. The motion for reconsideration was filed on May 1 and assigned to her. A footnote in Judge Shenkier's order reports that on October 30, Magistrate Judge Pallmeyer having become District Judge Pallmeyer, the motion to reconsider was reassigned to him. This produced the oddity of an Article I judicial officer reconsidering the decision of an Article III judicial officer. But the greater oddity (since Pallmeyer was a magistrate judge when she issued the rulings in question) is why

promotion from magistrate judge to district judge should be the occasion for reassigning long-pending motions to reconsider the judge's rulings. Both types of judge are officers of the same court, and when a magistrate judge presides over a lawsuit with the consent of the parties she is exercising essentially the powers of a district judge, so that promotion to district judge does not alter her relation to the case in any significant way. The powers of federal judicial officers are given by statute, but no statute, or principle of federal common law, forbids a district judge to reconsider an order that she issued when she was a magistrate judge of the same court. It is not as if the motion for reconsideration had been filed after Judge Pallmeyer's promotion; it had been pending before her for six months when it was reassigned to Magistrate Judge Shenkier.

Appeal Dismissed.