**Clausen DRAKE–THOMSON, Plaintiff–Appellant,**

v.

**CITY OF CHICAGO, Defendant–Appellee.**

No. 00–2090.

United States Court of Appeals, Seventh Circuit.

Submitted March 12, 2001.*

Decided March 12, 2001.

█

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

Before BAUER, KANNE, and ROVNER, Circuit Judges.

### ORDER

In 1997 the City of Chicago determined that a building owned by Clausen Drake–Thomson violated the city's building code. As a result, the city filed suit in the Circuit Court of Cook County, Illinois, to force Drake–Thomson to correct the violations. Soon thereafter, the parties entered into a court-approved consent decree in which Drake–Thomson agreed to repair the building. Drake–Thomson, however, failed to comply with the terms of the consent decree, prompting the city to return to state court to enforce the decree.

On March 1, 1999, Drake–Thomson, who is African–American, brought this suit in federal district court seeking to enjoin the state court proceedings alleging that the city targeted her because of her race and that the city did not enforce its regulations against white property owners. On April 13, 1999, the district court abstained from considering her claims under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and dismissed the complaint. A few months later, the state court found Drake–Thomson to be in civil contempt of court for failing to comply with the consent decree; her appeal of that order remains pending. On February 22, 2000, Drake–Thomson moved for relief from judgment under Federal Rule of Civil Procedure 60(b) on the ground that the state court's adverse judgment constituted "newly discovered evidence" that undermined the district court's application of *Younger*. The district court denied the motion on March 22, 2000. Drake–Thomson appeals.

In her brief on appeal, Drake–Thomson attacks the district court's application of *Younger*, but we have no jurisdiction to consider her argument. Drake–Thomson had 30 days in which to appeal the district court's dismissal order, *see* Fed. R.App. P. 4(a)(1)(A), but she waited over one year to appeal. Drake–Thomson *has* properly appealed the district court's denial of her Rule 60(b) motion. Rule 60(b) allows a court to relieve a party from a judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). But Drake–Thomson's brief does not challenge the propriety of the district court's denial of her Rule 60(b) motion, which is just as well because her motion failed to invoke any of the grounds covered by the rule. Although the motion purported to challenge the judgment based on "newly discovered evidence," Drake–Thomson failed to present "newly discovered evidence which by due diligence could not have been discovered" before the district court's judgment. *See* Fed.R.Civ.P. 60(b). Because the motion did not suggest a valid basis for collateral attack, it is nothing more than an untimely attempt to appeal the district court's dismissal of her complaint. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir.2000).

The plaintiff's appeal is DISMISSED.