Charles COLEMAN, Plaintiff–
Appellant,

v.

ANR–ADVANCE TRANSPORTATION
COMPANY, and COASTAL CORPO-
RATION., Defendants–Appellees.

No. 01–1429.

United States Court of Appeals,
Seventh Circuit.

Submitted March 7, 2002 *.

Decided March 8, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

**224**

Before COFFEY, MANION, and WILLIAMS, Circuit Judges.

### ORDER

After being fired from his job at ANR–Advance Transportation Company, Charles Coleman sued ANR–Advance and its parent company, The Coastal Corporation, for racial and disability discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and 42 U.S.C. § 1981. The magistrate judge, handling the case with the parties' consent, granted summary judgment for Coastal on the ground that Coastal was not Coleman's employer. We affirm.

### Background

Beginning in 1977, Coleman worked as a truck driver for ANR–Advance's predecessor, the Advance Transportation Company. In 1995, Advance Transportation merged with the ANR–Freight Company, which was a wholly-owned subsidiary of Coastal, to form ANR–Advance. Coastal extended a $20 million line of credit to the new company. In connection with this merger, a holding company was formed that owned the company's stock. Advance Transportation's shareholders, who were two Milwaukee, Wisconsin families, had a fifty percent interest in this holding company; ANRFS Holdings, Inc., owned the other fifty percent. ANRFS Holdings was wholly owned by American National Resources Co., which was wholly owned by Coastal Natural Gas Co., which in turn was wholly owned by Coastal.

After the merger, Coleman continued on as a truck driver for ANR–Advance. According to Coleman's complaint, he later was injured on the job and when he returned to work in November 1997, ANR–Advance refused to modify his work duties to accommodate his injury. The complaint does not identify what kind of injury he suffered. ANR–Advance then fired him the following month supposedly for lying about his doctor's release in order to get out of work.

Coleman, who is black, now complains that he was fired because of his race and his disability. After the EEOC dismissed his claims, he filed this action against ANR–Advance and Coastal in November 1998. Shortly thereafter, however, ANR–Advance became the subject of an involuntary Chapter 11 bankruptcy proceeding. Because ANR–Advance was no longer a viable company, the United States Bankruptcy Court for the District of Delaware on March 3, 1999 ordered relief under Chapter 7. As required by the Bankruptcy Code, 11 U.S.C. § 362(a), the district court stayed Coleman's discrimination suit with respect to ANR–Advance.

Coastal then sought summary judgment on the ground that ANR–Advance—and not Coastal—was Coleman's employer. The district judge appointed counsel for Coleman, who responded to the summary judgment motion. Around this time, the parties consented to have the case heard by a magistrate judge under 28 U.S.C. § 636(c). The case was transferred to Magistrate Judge Nolan, who granted summary judgment for Coastal. Cole-

man's claims against ANR–Advance remained pending, however, so Judge Nolan granted summary judgment "as to all of Charles Coleman's claims against The Coastal Corporation" and found that "there was no just reason to delay in entering judgment as to those claims." *See* Fed.R.Civ.P. 54(b). Because the magistrate judge properly entered judgment under Rule 54(b) (which permits a court to dispose of all claims against one or more parties in a multi-party suit), we have jurisdiction over Coleman's appeal. *See Curtis–Universal, Inc. v. Sheboygan Emergency Med. Servs., Inc.,* 43 F.3d 1119, 1121 (7th Cir.1994); *United States v. Ettrick Wood Prod. Inc.,* 916 F.2d 1211, 1217 (7th Cir.1990).

### Analysis

We review a grant of summary judgment *de novo,* viewing all the facts and inferences in a light most favorable to Coleman, the non-moving party. *Johnson v. Nordstrom, Inc.,* 260 F.3d 727, 731 (7th Cir.2001). To avoid summary judgment, Coleman must supply enough evidence to allow a jury to find in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

█ The parties do not dispute that Coleman was an employee of ANR–Advance and not Coastal. Nonetheless, Coleman contends that Coastal was a proper defendant here because ANR–Advance merely acted as Coastal's "alter ego." Indeed, a corporation may be liable for its affiliate's discriminatory acts if (1) the traditional conditions for "piercing the corporate veil" are present; or (2) the corporation took actions, e.g., split itself into a number of smaller corporations, for the express purpose of avoiding liability under the discrimination laws; or (3) the corporation directed the discriminatory act, practice, or policy of which the employee is complaining. *See Worth v. Tyer,* 276 F.3d 249, 259–60 (7th Cir.2001); *Papa v. Katy Indus., Inc.,* 166 F.3d 937, 940–41 (7th Cir.1999). As the magistrate judge correctly concluded, Coleman's proof was· insufficient for a jury to find in his favor on any of these three theories of liability.

First, the traditional conditions for piercing the corporate veil do not exist here. In support of summary judgment, Coastal asserted that it had separate articles of incorporation, facilities, bank accounts, legal counsel, and employees; that it filed separate financial statements and tax returns; and that it operated independently from ANR–Advance. Although Coleman dismisses these assertions as "fraudulent," he failed to present any evidence disputing them. Nor did he produce evidence showing that Coastal neglected corporate formalities or that ANR–Advance's creditors were misled into thinking that they were dealing with a unitary enterprise. Rather, the evidence before the district court, taken in a light most favorable to Coleman, suggests nothing other than an ordinary parent-subsidiary relationship. *See United States v. Bestfoods,* 524 U.S. 51, 61–62, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998). Second, Coleman presented no evidence that Coastal and its affiliates were created for the express purpose of avoiding liability under the anti-discrimination laws. To the contrary, ANR–Advance had more than the requisite number of employees to be independently liable under Title VII, *see* 42 U.S.C. § 2000e(b), and the ADA, *see* 42 U.S.C. § 12111(5)(A). Third, Coleman offered no evidence demonstrating that Coastal directed his allegedly discriminatory termination. The magistrate judge therefore properly entered summary judgment in Coastal's favor.

█ In an effort to show that Coastal and ANR–Advance neglected corporate

formalities in order to defraud their creditors, Coleman now presents various materials that he did not submit to the magistrate judge. These new materials consist of pleadings from ANR–Advance's bankruptcy proceeding and judicial opinions in other matters involving Coastal. Because "[t]he appellate stage of the litigation process is not the place to introduce new evidence," *Berwick Grain Co., v. Illinois Dep't. of Agric.*, 116 F.3d 231, 234 (7th Cir.1997), we do not consider the new materials that Coleman has provided.[1]

■ Coleman also argues that reversal is warranted because his court-appointed counsel was ineffective for failing to submit this evidence on summary judgment and for failing to respond to Coastal's objections to the admission of other favorable evidence. But Coleman has no right to effective assistance of counsel in a civil case, and so like any civil litigant, his exclusive remedy against his attorney is a separate suit for legal malpractice or breach of fiduciary duty. *See Bell v. Eastman Kodak. Co.*, 214 F.3d 798, 802 (7th Cir.2000).

Accordingly, the defendant's motion to strike portions of the plaintiff's response brief is DENIED and the judgment of the magistrate judge is AFFIRMED.

---

1. On February 22, 2002, Coastal moved to formally strike the portions of Coleman's response brief referring to this evidence. Given our disposition of this case, we deny this motion as moot.