**Michael MURPHY, et al.,
Plaintiffs–Appellants,**

v.

**WISCONSIN PAROLE COMMISSION,
et al., Defendants–Appellees.**

No. 01–3165.

United States Court of Appeals,
Seventh Circuit.

Submitted April 18, 2002 *.

Decided April 22, 2002.

Before BAUER, KANNE, and DIANE P. WOOD, Circuit Judges.

ORDER

Wisconsin inmates Michael Murphy, Jerry Maye, Ronnie Suggs, and Charles Carroll appeal the denial of their motion under Federal Rule of Civil Procedure 60(b) to vacate the district court's order dismissing their complaint. Because we conclude that the plaintiffs resorted to Rule 60(b) simply to resurrect an untimely appeal from the dismissal, we affirm the district court's denial of the motion.

The plaintiffs sued the Wisconsin Parole Commission and its chairperson under 42 U.S.C. § 1983, claiming that the Commission violated their constitutional rights when it denied them parole. On June 22, 2001, the district court dismissed *sua sponte*, concluding that the plaintiffs had failed to exhaust their administrative remedies. *See* 42 U.S.C. § 1997e(a). The plaintiffs did not appeal the dismissal. Instead, they filed a series of Rule 60(b) motions seeking reconsideration of the judgment. Finally, the plaintiffs filed a Rule 60(b) motion on July 17, 2001, reasserting the allegations in the complaint and arguing that the district court erred in concluding that they had failed to exhaust their administrative remedies. The district court denied the motion on July 31, 2001.

On appeal the plaintiffs once again challenge the district court's conclusion that they failed to exhaust their administrative remedies. But this is not an appropriate basis for Rule 60(b) relief. Rule 60(b) provides that a district court may relieve a party from judgment only on the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Rule 60(b) allows modification to a judgment based only on grounds unavailable to the movant on direct appeal. *Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir.2000). Thus, a party cannot use Rule 60(b) as a means to circumvent the deadline for filing a notice of appeal. *See Cash v. Ill. Div. Mental Health,* 209 F.3d 695, 698 (7th Cir.2000) ("were we to allow appellants to follow this route, the rules governing the timeliness of appeal would quickly lose their bite.").

Yet this is precisely what the plaintiffs attempt to do here. Their Rule 60(b) motion did not raise any of the grounds enu-

---

* Because there is no appellee to be served in this appeal, the appeal has been submitted without the filing of a brief by the appellee. After an examination of the appellants' brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

merated in Rule 60(b) as a basis for relief; it simply disagreed with the district court's conclusion that they had failed to exhaust their administrative remedies. The plaintiffs could have presented that argument on direct appeal. As a result, we conclude that this appeal is an untimely attempt to appeal the district court's dismissal of the complaint and, accordingly, we do not consider it. *See Bell,* 214 F.3d at 801. Therefore, we affirm the district court's denial of the plaintiffs' Rule 60(b) motion.

AFFIRMED.