**Deion L. TURNER, Plaintiff–Appellant,**

v.

**CITY OF CHICAGO, et al.,
Defendants–Appellees.**

No. 01–2301.

United States Court of Appeals,
Seventh Circuit.

Submitted June 26, 2002.*

Decided June 26, 2002.

Before BAUER, RIPPLE, MANION,
Circuit Judges.

**ORDER**

Deion L. Turner appeals the denial of his motion to reconsider a judgment dismissing his lawsuit under 42 U.S.C. § 1983 as barred by *res judicata.* Because the motion to reconsider and this appeal are untimely attempts to challenge the underlying judgment, we affirm the denial of the motion and dismiss the appeal to the extent it seeks to challenge the underlying judgment.

In October 1997 Chicago police officers arrested Mr. Turner for sexually assaulting Lashanda Turner, the daughter of his common-law wife. The officers were notified of sexual abuse by hospital officials after Lashanda's mother had taken her to the emergency room. Shortly after his arrest (while the state criminal case against him was still pending), Mr. Turner filed a federal lawsuit under § 1983 alleging false arrest, false imprisonment, and other constitutional violations relating to the conditions of his confinement. Among the numerous defendants he sued were the Chicago Police Department and various officers, officials from the state's attorney's office and the public defender's office, and a state judge. The district court dismissed Mr. Turner's complaint for failure to state a claim, concluding that the police had probable cause to arrest him and that his other claims were meritless. *See Turner v. Chicago Police Dept.,* No. 98 C 0122, 1998 WL 483508 (N.D.Ill. Aug. 10, 1998). In October 1998 Mr. Turner was acquitted of the sexual assault charge, but was convicted of sexual relations within families and sentenced to five years in the Illinois Department of Corrections.

In September 1999 Mr. Turner filed this federal civil-rights lawsuit under § 1983, again alleging constitutional violations relating to his arrest and incarceration. In January 2001 the district court dismissed the case on *res judicata* grounds. The court explained that the lawsuit named many of the same defendants as the previous suit, alleged substantially similar claims, and arose from the same events. The court also pointed out that any new claims could have been litigated in the previous suit.

Nearly three months later, Mr. Turner moved for reconsideration under Federal Rule of Civil Procedure 60(b). The district court denied the motion, and Mr. Turner filed a notice of appeal. In a subsequent order, we apprised Mr. Turner that his notice of appeal was timely only as to the

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

district court's denial of his Rule 60(b) motion, and we specified that we would limit our review to that decision.

We review the district court's decision to deny Rule 60(b) relief for abuse of discretion. *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir.2001). A Rule 60(b) motion does not toll the period for filing a timely appeal, but allows a court to relieve a party from judgment on the narrow grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, void judgments, or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The rule is not a vehicle for correcting putative errors of law, *see Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1017–18 (7th Cir. 2002); *Russell v. Delco Remy Div. of General Motors*, 51 F.3d 746, 750 (7th Cir. 1995), and it "is not a permissible substitution" for a timely appeal, *Bell v. Eastman Kodak, Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

Far from being an abuse of discretion, the district court's decision denying Rule 60(b) relief was correct. Mr. Turner's motion to reconsider did not seek relief under any grounds specified in Rule 60(b), but rather sought merely to challenge the court's underlying judgment. This is an impermissible use of Rule 60(b). *Bell*, 214 F.3d at 800–01. On appeal Mr. Turner likewise does not discuss the district court's denial of Rule 60(b) relief, but again attempts to attack the underlying judgment in an untimely fashion. *See id.*

Accordingly, the district court's judgment is AFFIRMED and, to the extent it seeks to challenge the underlying judgment, the appeal is DISMISSED.