**Leonard LOGAN, Plaintiff–Appellant,**

v.

**Glen EVANS, Officer, Star # 16448, individually and in his official capacity as a City of Chicago Police Officer, and City of Chicago, Defendants–Appellees.**

No. 03–1343.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 3, 2004.

Decided Feb. 6, 2004.

Leonard Logan, Pinckneyville Correctional Center, Pinckneyville, IL, for Plaintiff–Appellant.

Benna R. Solomon, Office of the Corporation Counsel, Appeals Division, Chicago, IL, for Defendants–Appellees.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

## ORDER

Leonard Logan sued Officer Glen Evans and the City of Chicago for constitutional violations stemming from his November 1996 arrest. In December 2001, the district court dismissed the action for lack of prosecution. Logan did not appeal. Eleven months later he filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, attempting to explain his inaction. The court denied the Rule 60(b) motion as untimely, noting that Logan had not expressed any interest in his case in the months following its dismissal. The court's denial of the Rule 60(b) motion was appealable, but Logan did not take that route. Instead, over a month later, he filed a second Rule 60(b) motion arguing that the court erred in denying the first. The second motion was denied, and Logan now challenges that denial.

Rule 60(b) provides relief under limited circumstances, but Logan's second Rule 60(b) did not rely on any of the grounds listed in the rule. Instead he argued that the court erred in characterizing his first motion as untimely. This argument belongs in a direct appeal, not a second post-judgment motion. *See S.E.C. v. Van Waeyenberghe,* 284 F.3d 812, 814 (7th Cir. 2002) (denial of Rule 60(b) motion is independently appealable). Thus Logan's second Rule 60(b) motion was really an impermissible attempt to file an untimely appeal from the denial of the first motion. *See Bell v. Eastman Kodak Co.,* 214 F.3d 798, 802 (7th Cir.2000). Accordingly, we AFFIRM the judgment of the district court.