Calvin **FARRELL**, Plaintiff–Appellant,

v.

William **ROGGE**, et al., Defendants–Appellees.

No. 03–2282.

United States Court of Appeals,
Seventh Circuit.

Submitted March 4, 2004.*

Decided March 5, 2004.

Calvin Farrell, pro se, Green Bay, WI, for Plaintiff–Appellant.

Mary Ellen Poulos, Office of the Corporation Counsel, Milwaukee, WI, for Defendant–Appellee.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

**ORDER**

In 2000, Calvin Farrell brought suit under 42 U.S.C. § 1983 alleging that ten persons employed either at the Milwaukee County Criminal Justice Facility or the Milwaukee County House of Correction used excessive force, refused him medical care, and denied him access to the courts while he was confined at the two facilities in late 1999 and early 2000. The district court granted summary judgment for the defendants and entered its final judgment on December 2, 2002. On December 30, 2002, Farrell, by then an inmate at the Wisconsin Secure Program Facility (formerly known as Supermax Correctional Institution), mailed what he captioned as a "motion to reconsider," arguing that the court failed to view the facts in his favor and reiterating his belief that the defendants had violated his constitutional rights. The district court denied the motion in April 2003, and Farrell filed this appeal in May 2003.

Because Farrell's motion to reconsider was filed more than ten business days after the entry of judgment, it was one under Rule 60(b) of the Federal Rules of Civil Procedure and therefore did not toll the time for appealing that judgment. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir.2000). Consequently, Far-

---

* After examining the briefs and record, we conclude that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

rell's notice of appeal, filed approximately five months after the entry of final judgment, was untimely, and so the scope of this appeal is limited to the district court's denial of Farrell's postjudgment motion. *See id.* at 800–01. We previously issued an order notifying Farrell about the narrow scope of review in this appeal, but he has ignored this order, instead focusing his arguments on the merits of the court's entry of summary judgment. Because Rule 60(b), which is narrow in scope, cannot be used as a substitute for appeal of the court's ruling on the motion for summary judgment, Farrell's failure to present an argument for overturning the court's denial of his Rule 60(b) motion renders this appeal meritless. *See id.* at 801; *Cash v. Ill. Div. of Mental Health,* 209 F.3d 695, 697–98 (7th Cir.2000).

AFFIRMED.