**Jerry TYLON, Plaintiff–Appellant,**

**v.**

**CITY OF CHICAGO, Defendant–Appellee.**

**No. 03–2708.**

United States Court of Appeals, Seventh Circuit.

Submitted May 14, 2004.*

Decided May 18, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

---

Jerry Tylon, Vienna, IL, pro se.

Mara S. Georges, Office of the Corporation Counsel, Chicago, IL, for Defendant–Appellee.

Before POSNER, MANION, and DIANE P. WOOD, Circuit Judges.

## ORDER

Jerry Tylon, an Illinois prisoner, filed a lawsuit under 42 U.S.C. § 1983 alleging that several Chicago police officers had illegally searched his apartment, planted stolen credit cards there, and denied him his heart medication to force him into confessing. In May 2003 the district court dismissed Tylon's complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim, holding that Tylon's arguments relating to the search or arrest were time-barred and those relating to the use of evidence against him were premature because the criminal proceedings against him had not yet been completed. Tylon did not appeal but instead, 23 days after the entry of judgment, filed a "Motion for Relief from Judgment" under Federal Rule of Civil Procedure 60(b). He argued generally that his complaint had stated a claim under the liberal standards afforded to pro se litigants, and that the district court had applied the wrong statute of limitations. He also argued that the court erred in determining that his illegal search claim was premature. The district court denied Tylon's motion, noting that he merely "assert[ed] that the court misunderstood or misapplied the law," which is not grounds for relief under Rule 60(b). Tylon appeals from this order, and we dismiss his appeal.

Rule 60(b) allows a district court to relieve a party from a judgment on the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). It is not a substitute for a timely appeal. *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir.1997). Tylon's motion did not seek relief under any of the grounds specified in Rule 60(b), but simply asserted that the district court's underlying judgment was wrong. This is an impermissible use of Rule 60(b). *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801–802 (7th Cir.2000). The errors Tylon's motion alleged would have been proper subjects of a direct appeal. *See FDIC v. Wabick*, 335 F.3d 620, 624 (7th Cir.2003) (direct appeal addressing whether wrong statute of limitations was applied); *Gonzalez v. Entress*, 133 F.3d 551, 553–54 (7th Cir.1998) (direct appeal addressing whether civil suit alleging illegal search was premature because filed before criminal proceeding ended). Tylon's appeal is in fact an untimely attempt to appeal the May 2003 dismissal of his case, and we will not consider it. *See Bell*, 214 F.3d at 802.

Tylon is further advised that he has accrued three strikes under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g). The strikes include, in addition to the two incurred for filing the Rule 60(b) motion in the district court and pur-

suing it here, two others for *Tylon v. Kloak,* No. 03–3313, in this court and No. 03 C 4440 as initially filed in the Northern District of Illinois. Unless Tylon is in imminent danger of serious physical injury, he may not, while incarcerated, file a suit in the federal courts without prepaying the full filing fee.

APPEAL DISMISSED.