**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 6, 2006[*]
Decided April 7, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-2801

| | |
|---|---|
| IN RE: | Appeal from the United States District |
|    CHAD F. CATUARA, | Court for the Northern District of |
|     *Debtor-Appellant.* | Illinois, Eastern Division |

No. 05 C 2343

Blanche M. Manning,
*Judge.*

**O R D E R**

While proceedings to foreclose on his home mortgage progressed in state court, Chad Catuara filed for bankruptcy in federal court three different times. It is his second petition, a personal reorganization under Chapter 13 of the bankruptcy code, that concerns us here. In support of that petition, Catuara submitted a proposed plan of reorganization and schedules of assets and liabilities, parts of which called for him to list his creditors and propose monthly payments. Catuara listed Washington Mutual Bank, which holds the note, as an "alleged creditor" but

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

did not propose a monthly payment. He wrote instead that the bank had not verified the debt before filing suit in state court and thus, he maintained, had not followed proper procedures in the state foreclosure proceedings. But by this point the state court had issued a judgment of foreclosure and authorized a sale of the property, and in the bankruptcy case Catuara has never disputed that he executed the note secured by a mortgage on his property.

The bankruptcy judge assigned to Catuara's case held a hearing to discuss his proposed plan on June 14, 2004. The trustee in bankruptcy testified that the proposed plan was so deficient that he could not recommend confirming it, and so the judge gave Catuara fourteen days to produce an amended plan. Recognizing the "objection" Catuara had written into the proposed plan as a misguided attempt to challenge the state-court foreclosure proceedings rather than a legitimate objection to Washington Mutual's claim, the judge told Catuara that he could not collaterally attack the state-court judgment. The judge nevertheless instructed Catuara that, if he disputed Washington Mutual's claim, the proper way to challenge it was to file a formal objection with the court. After verifying that Washington Mutual would waive thirty days' notice of an objection, *see* Fed. R. Bankr. P. 3007, the judge gave Catuara ten days from the date of the hearing to file an objection.

Catuara missed by two weeks the deadline to object to Washington Mutual's claim, and he never filed his amended plan. Thus, the bankruptcy court dismissed his case on August 2, 2004. Catuara did not appeal that decision. *See* Fed. R. Bankr. P. 8002(a) (giving party ten days from entry of judgment to file notice of appeal). Instead, a month later he filed another Chapter 13 petition, which the bankruptcy court promptly dismissed. Catuara's house was sold in December 2004, and on February 4, 2005, the state court confirmed the sale.

Three weeks after the sale was confirmed, Catuara filed what he styled an emergency motion to reinstate his first Chapter 13 case. The bankruptcy court held a hearing on the motion, determined that it was not an emergency at all but a belated attempt to appeal the August 2004 dismissal of that case, and denied it. Catuara appealed that denial to the district court, which ruled that the motion was one for relief under Federal Rule of Civil Procedure 60(b) (as incorporated by Federal Rule of Bankruptcy Procedure 9024) and that it was properly denied.

On appeal Catuara argues, as he did in his motion to reinstate, that the underlying order of dismissal is void because, in giving him only ten days to object to the bank's claim, the bankruptcy court violated Bankruptcy Rule 3007, which he maintains allots thirty days to file such an objection. Aside from the undeniable fact that Rule 3007 allows a *creditor* thirty days' notice of objections (which Washington Mutual waived), if Catuara wanted to challenge the time allowed for objections as insufficient he should have appealed the dismissal of his case. *See*

*In re Crawford*, 324 F.3d 539, 541 (7th Cir. 2003) (analyzing on appeal debtor's challenge to bankruptcy court's refusal to confirm plan of reorganization); *see also In re Hovis*, 356 F.3d 820, 822 (7th Cir. 2004) (acknowledging that setting deadlines for objecting to claims is within discretion of bankruptcy judge). His remaining arguments being further attempts to bring an untimely appeal from the underlying order of dismissal (and the state-court foreclosure judgment, for that matter), we see no reason to entertain them. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800-01 (7th Cir. 2000) (using Rule 60(b) to attack final judgment "is not a permissible substitute for appealing the judgment" within the time allotted by rules of procedure); *In re Barnes*, 969 F.2d 526, 527 (7th Cir. 1992) (noting strict limitations of Rule 60(b) in bankruptcy context). We do, however, caution Catuara against filing further frivolous cases to challenge the state foreclosure proceedings.

We therefore AFFIRM the judgment of the district court and DENY as unnecessary Washington Mutual's motion to strike portions of Catuara's brief.