**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2007[*]
Decided February 1, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2350

| | |
|---|---|
| F.S. PIEKARCZYK, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04 C 7935 |
| CITY OF CHICAGO, et al., *Defendants-Appellees.* | James B. Moran, *Judge.* |

**O R D E R**

F.S. Piekarczyk sued the City of Chicago and one of its administrative law officers claiming under 42 U.S.C. § 1983 that City employees set out to issue and unfairly adjudicate unwarranted citations for parking violations, missing vehicle licenses, a dog bite, overgrown weeds, and other ordinance violations at rental units he owns. Piekarczyk alleges that the citations, which he received over a span of more than three years, were "issued for the purpose of maintaining a revenue

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

stream from a citizen-type who was expected to 'pay up' without resistance." The district court, agreeing with the defendants that most of Piekarczyk's allegations were time-barred and that the rest fail to state a claim for relief, dismissed the complaint. Piekarczyk did not appeal this March 2006 decision, but instead waited more than 10 days after the entry of judgment and filed a motion to vacate under Federal Rule of Civil Procedure 60(b). The district court denied that motion, and Piekarczyk now appeals.

Piekarczyk's Rule 60(b) motion focuses on events in October 2003 when one of Piekarczyk's tenants complained of lack of heat in his apartment and permitted a building inspector to enter the premises. The inspector issued a citation for multiple code violations after investigating both the tenant's second-floor apartment and an unoccupied third-floor apartment used only by Piekarczyk for storage. Piekarczyk contends that the latter entry violated his constitutional rights because the building's boiler is in the basement and thus the inspector had no reason to access any other part of the building. In his Rule 60(b) motion, Piekarczyk argues that the district court misstated important facts and misapplied the law in addressing his claim about this incident. The court denied the motion in a brief minute order. On appeal, Piekarczyk essentially ignores his Rule 60(b) motion and instead argues that the district court erred in dismissing his complaint.

The district judge did not abuse his discretion in denying Piekarczyk's motion to vacate. Piekarczyk tried to employ Rule 60(b) as a means of obtaining belated appellate review of the original order of dismissal, but that is a misuse of the rule. The dismissal of Piekarczyk's complaint is no longer open to appeal; the matter before us is limited to the denial of his post-judgment motion. And only exceptional circumstances justify relief under Rule 60(b). *See, e.g., Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006); *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). Piekarczyk's motion primarily attacks the district court's legal reasoning in dismissing his complaint, but such arguments must be raised on direct appeal, not in a Rule 60(b) motion. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal."); *Russell v. Delco Remy*, 51 F.3d 746, 749 (7th Cir. 1995) ("Rule 60(b) . . . is not an appropriate vehicle for addressing simple legal error; otherwise, a party could circumvent the ordinary time limitation for filing a notice of appeal."). Piekarczyk also points to "new" evidence in his motion, specifically, details about the layout of his building and its heating system. But evidence is not "new" for purposes of Rule 60(b) if it was available before entry of the judgment, as was Piekarczyk's evidence in this case. *See Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1433-34 (7th Cir. 1996).

AFFIRMED.