NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2014[*]
Decided April 11, 2014

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2361

| | |
|---|---|
| THOMAS POWERS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 10 C 50097 |
| NEDRA CHANDLER, *Defendant-Appellee.* | Frederick J. Kapala, *Judge*. |

**O R D E R**

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Thomas Powers, a former inmate at Dixon Correctional Center, appeals the grant of summary judgment for the prison's warden in this civil-rights suit on the ground that he failed to exhaust administrative remedies. We affirm.

Powers, who is currently housed at the Rushville Treatment and Detention Facility, alleged that during his stay at Dixon Nedra Chandler, Dixon's warden, retaliated against him for filing grievances and an earlier suit (over the accommodation of a religious-based diet) by denying him good-time credit, a preferred prison job, "the right to participate in schooling," and the opportunity to submit new grievances. Powers also alleged that Chandler (who is black) discriminated against him because of his race (white) by sabotaging settlement negotiations in that earlier suit. (Powers also sued two prison doctors for deliberate indifference, but those claims were dismissed and the doctors are not parties to this appeal.) When Powers expressed concern that he would not be able on his own to pursue discovery effectively, District Judge Reinhard recruited counsel for him.

Warden Chandler then moved for summary judgment on the ground that Powers failed to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a). Brian Fairchild, the chairperson of the Office of Inmate Issues for the Illinois Department of Corrections, explained in an affidavit that, to exhaust administrative remedies, prisoners must appeal to the Administrative Review Board when grievances are denied. *See* 20 ILL. ADMIN. CODE § 504.850(a). Fairchild, whose job includes reviewing and responding to inmate grievances, reported that he conducted a thorough search of the ARB's records and found no appeals filed by Powers about the denial of good-time credit or schooling, or about barriers to filing grievances. When Powers provided no contrary evidence, Judge Reinhard granted summary judgment on those unexhausted retaliation claims.

Powers amended his complaint to add to the unresolved claim about the denial of his preferred job new allegations of retaliation. In that amended complaint, he asserted that, as a result of his grievances and earlier lawsuit, he also was denied medical treatment and his preferred cell placement and was transferred from Dixon to Rushville. The parties then pursued discovery for several months.

More than half a year after discovery closed (and more than a year after Chandler obtained partial summary judgment), Powers moved to reinstate the dismissed claims against Chandler, insisting that he had in fact exhausted his administrative remedies. He submitted copies of prison grievances (that he had since

obtained through discovery in an unrelated state-court case) in which he specifically named Chandler; Powers did not, however, provide any documentation that he appealed any rulings to the ARB. Judge Reinhard denied Powers's motion, concluding that it was "too late . . . at this point in the litigation" to resurrect those earlier claims.

Chandler then moved for summary judgment on the remaining retaliation and discrimination claims, and District Judge Kapala, to whom the case had been reassigned, granted the motion on the merits. Judge Kapala concluded, first, that Powers provided no evidence that the alleged punishments (transfer and denial of his preferred job, cell placement, and medical treatment) were motivated by retaliation for his filing grievances or the suit about his religious diet; the alleged retaliatory acts, the judge explained, occurred months after the most recent protected filings. Judge Kapala also ruled that Powers failed to show that Chandler was in any way involved in settlement negotiations in his earlier suit. (Only the Illinois Attorney General, the judge noted, has the legal authority to settle suits against the state. *See* 5 ILCS 350/2(a).)

On appeal Powers generally asserts that Judge Kapala should not have granted summary judgment against him on his retaliation and discrimination claims and faults the judge for overlooking (among other documents) his and his wife's affidavits detailing a "pervasive pattern" of "retaliatory conduct." But Powers has not suggested how any of the purportedly overlooked documents contradict Judge Kapala's findings about the lengthy delay between the protected filings and the alleged retaliatory acts. Speculative and conclusory claims are not enough to establish a genuine issue of material fact for trial. *See Porter v. City of Chicago*, 700 F.3d 944, 956 (7th Cir. 2012); *Payne v. Pauley*, 337 F.3d 767, 772–73 (7th Cir. 2003).

Powers also insists that Judge Reinhard was wrong to refuse to reinstate his unexhausted claims after he eventually obtained copies of grievances he had filed against Chandler. But Judge Reinhard was right to dismiss those claims on exhaustion grounds because Powers did not appeal the denial of those grievances to the ARB. *See* 20 ILL. ADMIN. CODE § 504.850; *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005). Because Powers never submitted any evidence that he appealed the grievances, he supplied no basis to have the claims reinstated.

Powers also argues that his appointed trial attorney's lack of diligence during discovery prevented him from collecting evidence necessary to prove his case (e.g., proof that the prison lost grievances). But there is no constitutional right to effective assistance of counsel in a civil case; Powers's only remedy would be a separate

malpractice suit. *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 802 (7th Cir. 2000).

AFFIRMED.