**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2014[*]
Decided December 8, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1728

| | |
|---|---|
| FLOYD L. SEMONS, | Appeal from the United States District |
|  *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
|  *v.* | No. 12-CV-65 |
| | |
| ROBERT SADOWSKI and | Nancy Joseph, |
| CALVIN SMITH, | *Magistrate Judge*. |
|  *Defendants-Appellees*. | |

**O R D E R**

Plaintiff-appellant Floyd Semons, a Wisconsin inmate, appeals a jury verdict in favor of two jail officials in his suit under 42 U.S.C. § 1983 asserting excessive force. We affirm.

After Semons pulled out several sprinkler heads in the Milwaukee County Jail, Officers Robert Sadowski and Calvin Smith restrained him—excessively so, in his view.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

During the trial, testimony was given by Semons, Sadowski, Smith, and a psychiatric nurse employed by the jail. The jury concluded that the force used against Semons was not unreasonable under the circumstances.

On appeal Semons argues that the district court erred in allowing the nurse to testify because he did not have adequate notice before trial that she would be a witness. But the nurse's name actually appeared in two documents that the officers submitted before trial. Some confusion may have arisen because the nurse's maiden name was used in the officers' pretrial report, in which the officers listed "Psychiatric Nurse Chris Lubus, Milwaukee County Jail" as a potential witness. But the officers clarified any confusion two weeks later when they identified her in their amended witness list as "Psychiatric Nurse Chris Becker (nee Lubus), Milwaukee County Jail."

Semons also contends that he should be granted a new trial because his counsel was ineffective in failing, among other things, to object to the nurse being allowed to testify. But there is no constitutional right to effective assistance of counsel in a civil case. *See Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 802 (7th Cir. 2000).

AFFIRMED.