**Anthony NWANNA, Plaintiff–Appellant,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Defendant–Appellee.**

No. 03–4110.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 1, 2004.[1]

Decided March 21, 2005.

---

1. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is

Anthony M. Nwanna, Houston, TX, pro se.

Jeffrey L. Hunter, Office of the United States Attorney, Indianapolis, IN, for Defendant–Appellee.

Before BAUER, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Anthony Nwanna ("Nwanna"), an African–American of Nigerian descent, filed a suit against the United States Attorney General.[2] Nwanna alleged that his former employer, the United States Bureau of Prisons ("BOP") at the United States Penitentiary ("USP") in Terre Haute, Indiana, fired him from his job as a physician's assistant based on his national origin and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Nwanna's Title VII claims—that he was fired in retaliation for engaging in protected activity and also due to unlawful discrimination—proceeded before a jury. However, the jury found in favor of the defendant. Nwanna, *pro se,* now appeals the district court's final judgment in favor of the defendant, which affirmed the jury's verdict. Specifically, from what we can garner from Nwanna's briefs, he argues that the district court erred at trial by its exclusion of certain witnesses' live testimony. Nwanna also contends that the district court erred during voir dire, and se-

---

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

**2.** Nwanna originally brought this suit against former Attorney General John Ashcroft. Pur- suant to Federal Rule of Appellate Procedure 43(c), we have substituted Alberto Gonzales for John Ashcroft as the named Defendant–Appellee.

lected a jury which was not racially diverse and, in his opinion, unconstitutional. Nwanna also opines that the district court erred by its selection of jury instructions. In addition, Nwanna also alleges that he received ineffective assistance of counsel, and that the government had undue influence during the proceedings. We affirm the district court's judgment.

This is not the first time this case presents itself before us. In March 2002, the district court granted summary judgment for the defendants, concluding that Nwanna failed to establish a prima facie case of disparate treatment based on his working conditions at USP Terre Haute and that there were no genuine issues of material fact for trial. Nwanna appealed the judgment, and in an unpublished order, *Nwanna v. Ashcroft,* 66 Fed.Appx. 9 (7th Cir. 2003), we affirmed in part, vacated in part, and remanded. We affirmed the district court's conclusion that Nwanna failed to establish a prima facie disparate treatment claim. However, we reversed and remanded the order for further proceedings on Nwanna's claim that he was fired in retaliation for engaging in protected activity and due to unlawful discrimination. The matter proceeded to trial by jury, and the jury found in favor of the government.

■ Nwanna's briefs before us do little more than recount a history of alleged discriminatory and retaliatory actions taken by BOP employees. Nwanna contends that the district court overlooked these facts, and as a result reached an incorrect decision by granting final judgment affirming the jury's verdict. However, nowhere in his briefs does Nwanna explain how the district court's evidentiary rulings were incorrect. Nwanna also does not explain how the district court failed to properly conduct the trial. In addition, Nwanna does not develop any arguments describing how the jury erred in concluding that the evidence as presented at trial did not establish unlawful discrimination. As to Nwanna's arguments regarding jury instructions and voir dire, he provides no citations to legal authorities or the record to support his arguments, as mandated by Fed. R.App. P. 28(a)(9). This is also true for all of Nwanna's arguments. Even reading Nwanna's briefs liberally, his "generalized assertion[s] of error" are insufficient to comply with Rule 28(a)(9), and we "cannot fill the void by crafting arguments and performing the necessary legal research" for him. *See Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001).

■ Nwanna also argues that his trial counsel's alleged ineffective assistance also sabotaged his case. Specifically, Nwanna argues that his attorney failed to object to issues dealing with improper jury instructions, impartial jury composition, and unfair presentation of evidence. However, our cases make it quite clear that there is no Sixth Amendment right to effective assistance of counsel in a civil case. *See Stanciel v. Gramley,* 267 F.3d 575, 580–81 (7th Cir.2001); *Bell v. Eastman Kodak Co.,* 214 F.3d 798, 802 (7th Cir.2000). Nwanna's remedy, if any, lies not in a new trial, but in a malpractice action against his trial attorney. *See Pokuta v. Trans World Airlines Inc.,* 191 F.3d 834, 840 (7th Cir.1999).

For the reasons stated above, we AFFIRM the final judgment of the district court.