In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-2854

PHILOS TECHNOLOGIES, INC.,

*Plaintiff-Appellee*,

*v.*

PHILOS & D, INC., *et al.*,

*Defendants-Appellants*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 cv 7240—**William J. Hibbler**, *Judge.*

ARGUED APRIL 7, 2011—DECIDED JUNE 15, 2011

Before CUDAHY, MANION, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* This appeal calls on us to determine whether a party may, nearly a year after the entry of a default judgment, move to vacate the judgment on the ground that it was void for a lack of personal jurisdiction. The district court concluded that the delay rendered untimely defendants' motion to vacate and denied the motion without reaching its merits. Because the defendants did not appear in the district court before

entry of judgment, and because they are entitled to one full opportunity to litigate the jurisdictional issue, we reverse and remand.

I. *The Facts*

On December 18, 2008, plaintiff-appellee Philos Technologies, Inc., an Illinois corporation based in Wheeling, Illinois, filed a single-count complaint in the federal district court for the Northern District of Illinois. Philos Technologies asserted federal jurisdiction on the basis of diversity of citizenship and asserted a claim for conversion under Illinois law against defendants Don-Hee Park, Jae-Hee Park, and Philos & D, Inc., a South Korean corporation based in Gwangju, South Korea. According to the complaint, Philos Technologies had provided the defendants with equipment used to strengthen materials used in the metalworking industry, but never received the compensation for that equipment previously agreed upon by the parties.

Although the defendants were all successfully served with process in January 2009, they neither appeared in court nor filed an answer to the complaint. Instead, Don-Hee Park and Jae-Hee Park sent an informal *pro se* "Response Letter" to the district court in which they claimed that they had "no involvement . . . whatsoever with Philos Technologies," but instead had a business relationship with a Korean company named PLS Tech Korea. Any agreement for equipment with PLS Tech Korea had been terminated in August 2008, they explained, because of "differences of understanding." For

these reasons, the defendants "request[ed] dismissal of the lawsuit" against them.

Following the receipt of this letter, over four months passed without any further communication from the defendants. Finally, the district court granted Philos Technologies' motion for an entry of a default against the defendants on June 30, 2009. After a hearing on the issue of damages on July 21, 2009, the court entered a final judgment in favor of Philos Technologies totaling $2,916,332.

Nearly a year later, on June 14, 2010, counsel for the defendants entered an appearance and moved to vacate the default judgment under Federal Rule of Civil Procedure 60(b)(4). In their motion, the defendants argued that they never transacted business in Illinois and that they never entered into any contract with Philos Technologies, but instead contracted with PLS Tech Korea for the equipment at issue. They also argued that, even if they had been aware that PLS Tech Korea would obtain that equipment from Philos Technologies, that mere knowledge was not sufficient to support personal jurisdiction in Illinois. Moreover, Jae-Hee Park denied ever visiting Illinois, and Don-Hee Park claimed to have visited Illinois only after Philos & D had entered into its agreement with PLS Tech Korea. The defendants requested that the court vacate the default judgment as void for a lack of personal jurisdiction and dismiss the complaint under Rule 12(b)(2).

The district court denied the defendants' motion to vacate. The court did so without reaching the merits of

defendants' personal jurisdiction objection, explaining somewhat cryptically that it saw "no legal justification for this matter coming before the Court well after judgment has been entered and all parties have had an opportunity to fully litigate the issues." The district court added that, because it had received "sufficient and appropriate justification to exercise personal jurisdiction" at the time it granted default judgment against the defendants, it saw no reason to second-guess its original ruling on that issue. This appeal followed.

II. *Analysis*

Under Rule 60(b)(4) of the Federal Rules of Civil Procedure, a district court may relieve a party from a final judgment if the judgment is void for lack of personal jurisdiction over that party. *Planet Corp. v. Sullivan*, 702 F.2d 123, 125 n.2 (7th Cir. 1983). On appeal, the parties' dispute centers on two issues: (1) the appropriate standard of review for the denial of defendants' motion under that rule; and (2) whether defendants' motion was untimely. We address each issue in turn.

A. *Standard of Review*

As to the first issue, the defendants argue that we should review the denial of their Rule 60(b)(4) motion *de novo* because that motion asserted that the district court was without jurisdiction to enter judgment against them. In response, Philos Technologies argues that the proper standard of review is for an abuse of discre-

tion because the defendants were properly served with process in this action.

We review the denial of most motions for relief under Rule 60(b) only for an abuse of discretion. *E.g.*, *Eskridge v. Cook County*, 577 F.3d 806, 808 (7th Cir. 2009) (reviewing denial of Rule 60(b) relief from plaintiff's own voluntary but mistaken dismissal of their case), citing *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004) (affirming denial of Rule 60(b) relief for mistake, inadvertence, surprise, or excusable neglect). The standard of review for denial of a Rule 60(b)(4) motion is less deferential, however. As we explained in *Blaney v. West*, district courts have "little leeway" under Rule 60(b)(4): "Once a district court decides that the underlying judgment is void, the trial judge has no discretion and must grant the appropriate Rule 60(b) relief," and it is "a *per se* abuse of discretion to deny a Rule 60(b)(4) motion when the trial court has no jurisdiction over the action." 209 F.3d 1027, 1031 (7th Cir. 2000); accord, *be2 LLC v. Ivanov*, ___ F.3d ___, 2011 WL 1565490, at *2 (7th Cir. April 27, 2011) (reversing denial of relief); *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010) (affirming denial of relief). A judgment entered against a defendant over whom the court had no jurisdiction is void, and no court has the discretion to refuse to vacate that judgment once it recognizes its lack of jurisdiction. See *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 850 (7th Cir. 1981).

The fact that a defendant was properly served with process does not give a district court discretion to deny an otherwise-meritorious Rule 60(b)(4) motion. We see

no reason to treat a lack of jurisdiction caused by the improper service of process any differently from a lack of jurisdiction caused by the defendant's lack of sufficient minimum contacts with the forum.[1] A court "without personal jurisdiction of the defendant" is wholly "without power to proceed to an adjudication" binding on that defendant, regardless of the specific reason such jurisdiction is lacking. See *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 381 (1937). A court has no discretion to deny a Rule 60(b)(4) motion to vacate a judgment entered against a defendant over whom the court lacks personal jurisdiction, regardless of the specific reason such jurisdiction is lacking.[2]

---

[1] Philos Technologies argues that this distinction is important, citing our decision in *Relational, LLC v. Hodges*, 627 F.3d 668 (7th Cir. 2010). That case did not suggest that a different standard of review would apply depending on the precise basis for the asserted lack of jurisdiction, but applied the more stringent standard of review that applies to all Rule 60(b)(4) motions. See *id.* at 671 (noting that it is a *per se* abuse of discretion to deny a motion to vacate a void judgment and that "a judgment is void as to any party who was not adequately served").

[2] A federal court exercising diversity jurisdiction has personal jurisdiction only where a court of the state in which it sits would have such jurisdiction. *E.g., RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). Illinois extends personal jurisdiction to the limits allowed by the United States Constitution, so the state and federal standards are congruent here. See, *e.g., Citadel Group Ltd. v. Washington Regional Medical Center*, 536 F.3d 757, 760-61 (7th Cir. 2008).

B. *Timeliness*

In an attempt to avoid this more stringent standard of review, Philos Technologies argues that the defendants' Rule 60(b)(4) motion was merely an untimely attempt to bring a direct appeal from the default judgment. The defendants respond that Rule 60(b)(4) motions can be brought at any time after judgment. As best we can tell from the record, the district court agreed with Philos Technologies that the defendants' Rule 60(b)(4) motion was untimely because it was filed nearly a year after the entry of the default judgment against them.

This conclusion was erroneous. It failed to recognize a defendant's ability to decide whether to contest personal jurisdiction directly or in a post-judgment collateral proceeding. A defendant who believes that a court is without jurisdiction over his or her person has two distinct options. First, the defendant can appear in court and immediately object to the court's personal jurisdiction. Second, the defendant can "ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding," either in the court that issued the judgment or in a court where the plaintiff seeks to enforce that judgment. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982); see *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 525 (1931) ("If, in the absence of appearance, the court had proceeded to judgment . . . respondent could have raised and tried out the issue in the present [collateral] action, because it would never have had its day in court with respect to jurisdiction.").

Each option carries its own risks and benefits. If the defendant opts to appear and contest jurisdiction, the defendant may take advantage of the fact that the plaintiff bears the burden of proving that the court has jurisdiction over that defendant. See *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986) ("Normally it is well established that the plaintiff must prove jurisdiction exists once it is challenged by the defendant."). By appearing, however, the defendant in essence agrees that the forum court has jurisdiction to decide its jurisdiction, and the defendant will be subject to discovery, as well as any orders issued during the course of the litigation. See, *e.g.*, *Insurance Corp. of Ireland*, 456 U.S. at 706-07 (affirming discovery sanction treating jurisdiction as established after defendant refused to provide discovery relevant to jurisdictional defense). The defendant may reassert the objection via direct appeal, *e.g.*, *Illinois v. Hemi Group LLC*, 622 F.3d 754 (7th Cir. 2010), but because the defendant has appeared and taken advantage of the opportunity to contest personal jurisdiction in the district court, res judicata precludes that defendant from renewing that objection in a collateral proceeding. See *Insurance Corp. of Ireland*, 456 U.S. at 706; *Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938) ("After a Federal court has decided the question of the jurisdiction over the parties as a contested issue, the court in which the plea of res judicata is made has not the power to inquire again into that jurisdictional fact."); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("A collateral attack on a final judgment is not a permissible substitute for appealing the judgment within the time . . .

for appealing the judgment of a federal district court.").[3] An unhappy defendant's only right to further review of the personal jurisdiction issue is through a direct appeal from the underlying judgment, within the time limits set by the rules of appellate procedure. See *Bell*, 214 F.3d at 802 (dismissing appeal from Rule 60(b) motion on the ground that the appeal was actually an untimely challenge to the underlying judgment).

But if the defendant chooses to ignore the court proceedings entirely, the defendant need not appear in court or participate in discovery. The defendant also need not challenge the default judgment on direct appeal, but may instead bring a collateral challenge to the judgment under Rule 60(b)(4). See *Insurance Corp. of*

---

[3] Philos Technologies reads *Bell* so broadly as to say that a defendant, having chosen not to challenge the court's jurisdiction prior to the entry of judgment, may not raise that issue in a collateral proceeding. While that may be true of a litigant who has appeared in the district court, the same cannot be said of a litigant who chose to ignore the proceedings and challenge the court's jurisdiction in a collateral attack. See *Insurance Corp. of Ireland*, 456 U.S. at 706; *Baldwin*, 283 U.S. at 525 ("If, *in the absence of appearance*, the court had proceeded to judgment . . . respondent could have raised and tried out the issue in the present [collateral] action, because it would never have had its day in court with respect to jurisdiction.") (emphasis added). We see nothing in *Bell* to the contrary. As we explain below, we cannot conclude that the defendants ever appeared in the district court to assert their jurisdictional objection.

*Ireland*, 456 U.S. at 706. Although a defendant who asserts a jurisdictional defense in a collateral proceeding bears the burden of proving that the court lacked jurisdiction over his or her person, see *Bally Export Corp.*, 804 F.2d at 401 ("If the defendant, after receiving notice, chooses to let the case go to a default judgment, the defendant must then shoulder the burden of proof when the defendant decides to contest jurisdiction in a postjudgment rule 60(b)(4) motion."), the defendant benefits from the fact that the collateral challenge to jurisdiction can be brought at any time. *E.g.*, *Taft v. Donellan Jerome, Inc.*, 407 F.2d 807, 808 (7th Cir. 1969); see *Pacurar v. Hernly*, 611 F.2d 179, 181 (7th Cir. 1979) (noting that, in regard to motions under Rule 60(b)(4), "the 'reasonable time' limitation in [Rule 60(c)(1)] 'must generally mean no time limit,' at least absent exceptional circumstances"), quoting 7 *Moore's Federal Practice*, ¶ 60.25(4), at 315 (2d ed. 1979). And, of course, the defendant may reassert a jurisdictional objection in a timely appeal from the denial of the Rule 60(b)(4) motion. *Swaim v. Moltan Co.*, 73 F.3d 711, 718 (7th Cir. 1996).

Whichever choice the defendant makes—raise the defense in the initial proceeding, or raise it on collateral review—the choice must be made quickly. While a party "may challenge a default judgment as void for lack of personal jurisdiction at any time," that rule "does not preserve in perpetuity a party's claim regarding personal jurisdiction, regardless of any strategy it pursues in the district court." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 599 (7th Cir. 2007). A defendant cannot switch strategies midstream—if the defendant

appears and challenges the court's personal jurisdiction but then abandons that defense, the defendant may not later reassert that defense in a collateral challenge to the judgment under Rule 60(b)(4) or otherwise. See *id.* at 600 (affirming denial of Rule 60(b)(4) motion where party consistently asserted a lack of personal jurisdiction early in the proceedings but then affirmatively abandoned that defense); cf. *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 914 (7th Cir. 1994) (voicing concern that defendants will use personal jurisdiction strategically, raising or waiving that defense depending on their perceived chances of prevailing on the merits).

The pivotal question here, then, is whether any of the defendants appeared to challenge the district court's jurisdiction. If they did, then their motion to vacate was improper and we would need to dismiss this appeal. See *Stoll*, 305 U.S. at 172; *Bell*, 214 F.3d at 802. But if the defendants did not appear to challenge the district court's jurisdiction, then they could bring their Rule 60(b)(4) motion at any time, and the denial of that motion on timeliness grounds was erroneous. See *Insurance Corp. of Ireland*, 456 U.S. at 706; *Baldwin*, 283 U.S. at 525.

This issue turns on the significance of the defendants' *pro se* letter requesting dismissal of this action. Philos Technologies argues that the defendants, through that letter, effectively appeared and submitted themselves to the district court's jurisdiction. This argument is flawed. First, a corporation, being nothing more than "a convenient name for a complex web of contracts among

managers, workers, and suppliers of equity and debt capital," is legally incapable of appearing in court unless represented by counsel—"corporations must appear by counsel or not at all." *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985); accord, *United States v. Hagerman*, 549 F.3d 536, 537 (7th Cir. 2008) (extending rule to limited liability companies). Defendant Philos & D, a corporation, could not have appeared *pro se*, whether by means of a letter to the court or otherwise.

As for the individual defendants, we conclude that their *pro se* letter did not constitute an appearance submitting them to that court's jurisdiction. As a general matter, an appearance "requires a presentation or submission to the court where the lawsuit is pending." *North Central Illinois Laborers' Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 168 (7th Cir. 1988). While an appearance does not necessarily "require the filing of responsive papers or actual in-court efforts," it does require, at minimum, that the defendant engage in some sort of conduct clearly indicating an intent to defend the suit. *Id.* at 169 (collecting authorities); see, *e.g.*, *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (noting that an appearance is made by "'acts on [a] defendant's part which . . . give plaintiff a clear indication of defendant's intention to contest the claim'"), quoting 6 *Moore's Federal Practice* ¶ 55.05[3], p. 55-27. As our opinion in *S.J. Groves* demonstrates, such conduct must be responsive to the suit filed in federal court. See 842 F.2d at 169 (finding that defendant never appeared, given that defendant "took no action, formal or informal, from the time [suit was

filed] in federal court until after the default judgment was entered").

In determining whether the individual defendants' letter to the district court clearly indicated their intent to defend this suit, we are especially mindful of the fact that this letter was filed not by counsel but by two individuals acting *pro se*. It has long been established that *pro se* filings are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); see *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), with the primary goal being to give *pro se* filings "fair and meaningful" consideration. *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989) (quotation omitted). "This heightened judicial solicitude is justified in light of the difficulties of the pro se litigant in mastering the procedural and substantive requirements of the legal structure." *Caruth v. Pinkney*, 683 F.2d 1044, 1050 (7th Cir. 1982). This solicitude is particularly appropriate when, as here, a court is asked to construe a *pro se* litigant's filing in such a manner as to deny that litigant the opportunity to present a jurisdictional defense.[4]

---

[4] This concern distinguishes this case from a number of decisions that, in order to avoid a default and to decide cases on their merits, showed more willingness to treat informal conduct as an appearance under Fed. R. Civ. P. 55. *E.g., Sun Bank of Ocala*, 874 F.2d at 277 (treating a *pro se* "motion to dismiss" mailed to clerk of court as an appearance requiring notice prior to entry of a default judgment under Rule 55).

With these concerns in mind, we conclude that the defendants' letter to the district court did not constitute an appearance or submit the defendants to the district court's jurisdiction. Although the individual defendants did request the dismissal of the action in their letter, and although "a motion to dismiss is normally considered to constitute an appearance," *Sun Bank of Ocala*, 874 F.2d at 277, citing *Mason v. Utley*, 259 F.2d 484, 485 (9th Cir. 1958), a more sound reading of the defendants' letter counsels against construing their letter as such a motion. Such a "motion," after all, would have been denied as plainly deficient on its face. The letter was nothing more than an informal but respectful attempt to explain why Jae-Hee Park and Don-Hee Park would *not* appear in any judicial proceedings conducted in Illinois. Nothing about that letter indicated the defendants' intent to defend the suit against them or any intent to submit to the district court's jurisdiction. The defendants' Rule 60(b)(4) motion to vacate the default judgment was timely and should have been considered on its merits.

C. *The Merits of the Defendants' Rule 60(b)(4) Motion*

Because the district court was under the erroneous impression that the defendants' Rule 60(b)(4) motion was untimely, it never considered the arguments or evidence presented in support of that motion and never made any findings of fact for us to review. The parties have submitted conflicting affidavits and documentary evidence on facts central to whether the defendants

had sufficient minimum contacts with Illinois to support jurisdiction over them in the district court. These factual issues must be resolved by the district court. "Often personal jurisdiction is closely linked to the nature, and merit, of the claim being asserted, but this does not mean that the judge will just take the plaintiff's word about what happened." *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) (citation omitted); accord, *e.g.*, *Hyatt International Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002) (if personal jurisdiction depends on disputed facts, court must hold evidentiary hearing to resolve them). We express no view on those factual issues, but the defendants are entitled to one full opportunity to litigate them.

Accordingly, we REVERSE the denial of the defendants' Rule 60(b)(4) motion and REMAND for full consideration of that motion on its merits.