In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 14-3016

DURUKAN AMERICA, LLC,

*Plaintiff-Appellee,*

*v.*

RAIN TRADING, INC. and
YAVUZ BURAK CANBULAT,

*Defendants-Appellants.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:13-cv-01322 — **Samuel Der-Yeghiayan**, *Judge.*

———————————

ARGUED APRIL 29, 2015 — DECIDED JUNE 3, 2015

———————————

Before BAUER, MANION, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Plaintiff Durukan America, a
Texas candy company, sued Rain Trading, an Illinois whole-
saler, and its president Yavuz Canbulat for breach of contract
and deceptive practices. To prove service, Durukan filed
with the court two affidavits from a process server. After a
month passed without an answer from the defendants, the
district court entered a default judgment for Durukan. Al-

most a year later the defendants moved to vacate the default judgment, submitting an affidavit and records to show that they were never served. Without holding a hearing to address the dueling affidavits, the district court denied the motion to vacate. Because the district court should have held a hearing to resolve the factual conflict in the affidavits, we reverse and remand.

Durukan sued Rain Trading and Canbulat for, according to the complaint, refusing to pay for about $86,000 worth of candy and gum. Durukan filed an affidavit of service for each defendant. The process server attested that he served Canbulat "[b]y leaving a copy with the named party, Yavuz Burak Canb[u]lat personally on April 2, 2013," a Tuesday, at 4:05 p.m. at 3033 Malmo Drive in Arlington Heights, Illinois. This is the corporation's registered address. The corporation was served, according to the second affidavit, "by leaving a copy with Yavuz Burak Canbulat, Authorized Person" on the same date and time and at the same location. The process server identified the person he served as male, Caucasian, and approximately 36 years old. The affidavits were signed and notarized.

The defendants did not respond to the complaint. The district court entered a default judgment in favor of Durukan for $88,365.77. Two months later the court issued a summons to garnish Canbulat's wages. Durukan filed another affidavit of service in which the process server stated that he served the summons on Rain Trading "by leaving a copy with Adam Ozturk, Sales Department and Authorized Person on July 25, 2013," at 2:10 p.m. at the same Arlington Heights address. The defendants did not respond to the garnishment summons.

Ten months later the defendants moved to reopen the case. They swore that they had learned of the suit only because an officer of the Cook County Sheriff's Department had just arrested Canbulat for failing to appear at a state court proceeding to discover his assets. Eleven days after that arrest, the defendants moved to set aside the default judgment under Federal Rule of Civil Procedure 60(b)(4). Canbulat attached to the motion a two-page affidavit stating that Durukan's affidavits of service were "false and erroneous" and that neither defendant "was served…at the time and place therein stated [in the Affidavits of Service] or at any time or place." Canbulat continued: "After reviewing both affidavits of the process server, I checked the records and verified that at the said date and time, I was employed with and working at Abbvie," a company located 25 miles (a half-hour drive) from the address identified in the affidavits of service. Canbulat added: "My work hours did not permit me to leave before 5:00 PM, as I was a salaried employee, and in fact I did not leave before 5:00 PM CST on the day in question."

Desiring more information, the district court denied the motion without prejudice. The defendants renewed their motion and attached two documents to corroborate Canbulat's affidavit: (1) a description of Canbulat's job at Abbvie, including that he worked full-time, Monday through Friday, from 8:00 a.m. to 5:00 p.m.; and (2) an e-mail exchange with a supervisor regarding Canbulat's request not to work on April 11, 2013 (more than a week after the process server says he served Canbulat). The employer had produced these documents in response to plaintiff Durukan's subpoena seeking records of the days and hours worked by Canbulat in the entire month of April 2013. There

was no similar request for the day of the supposed service, April 2nd. The defendants argued in their motion that this evidence, combined with Canbulat's affidavit, showed that it would have been impossible to serve either defendant as claimed because Canbulat was working at Abbvie on April 2, 2013, at 4:05 p.m. Because neither defendant was served, the defendants continued, the district court lacked personal jurisdiction and the default judgment is void.

Without holding a hearing, the district court denied the defendants' renewed motion to vacate the default judgment. The court discounted Canbulat's affidavit as "self-serving." It then explained that the employment records do "not rebut the evidence of proper service" because they "in no way reflect that on April 2, 2013 at 4:05 p.m. Canbulat was somewhere other than as reflected by the process server."

In general we review the denial of a Rule 60(b) motion for abuse of discretion, but the review is more searching when personal jurisdiction or service of process is being challenged for the first time. See *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 854 (7th Cir. 2011); *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010); *Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005). "[I]f the district court lacked personal jurisdiction over the defendant at the time it entered the default judgment, the judgment is void, and it is a per se abuse of discretion to deny a motion to vacate that judgment." *Relational*, 627 F.3d at 671 (citations omitted); see *Philos*, 645 F.3d at 855; *State St. Bank v. Inversiones Errazuriz*, 374 F.3d 158, 178 (2d Cir. 2004).

A process server's affidavit identifying the recipient and when and where service occurred is "prima facie evidence of valid service which can be overcome only by strong and

convincing evidence." *O'Brien v. R.J. O'Brien & Assocs. Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (internal quotation marks and citations omitted); *Relational*, 627 F.3d at 672; *Homer*, 415 F.3d at 752. The affidavits of service that named the recipient as Mr. Canbulat and placed service on April 2, 2013, at 4:05 p.m. at Rain Trading's registered place of business established a prima facie showing. But Durukan is wrong when it asserts on appeal that its prima facie showing entitled it to have any dispute with its affidavits resolved in favor of jurisdiction. The affidavit of the party asserting personal jurisdiction is presumed true only until it is disputed. Once disputed, the party asserting personal jurisdiction—in this case Durukan—must prove what it has alleged. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002); see *Philos*, 645 F.3d at 859.

The defendants have presented sufficient evidence to dispute the presumption of service. Canbulat's employment records show that he was supposed to be working at another location at the time of service and his affidavit asserts that he was working there at that time. This combined evidence of the employment records showing Canbulat's expected presence at a distant worksite and his sworn assertion that he was actually at that site is more than sufficient to contradict the affidavits of service and require a hearing to resolve the factual dispute. See *Homer*, 415 F.3d at 750–51, 757 (conflicts between defendant's and process server's declarations presented question of fact); *Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 448, 452 (7th Cir. 2000) (conflicts between defendant's and service recipient's affidavits presented factual dispute requiring factual hearing on service of process).

To resolve the dispute between the conflicting evidence, the district court needed to hold an evidentiary hearing. It erred by ruling that it could just disregard Canbulat's affidavit. The court discounted the affidavit on the ground that it was "self-serving," even though it was based on the affiant's own knowledge. In the summary judgment context, "we long ago buried—or at least tried to bury—the misconception that uncorroborated testimony from the non-movant cannot prevent summary judgment because it is 'self-serving.'" *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010), quoted in *Navejar v. Iyiola*, 718 F.3d 692, 697–98 (7th Cir. 2013) (reversing summary judgment based on error discounting party's affidavit as "self-serving"); accord, e.g., *Hill v. Tangherlini*, 724 F.3d 965, 967 & n.1 (7th Cir. 2013) (expressly overruling contrary holdings); *Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 631–32 (7th Cir. 2009); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

Canbulat's affidavit is self-serving but it flatly contradicts the process servicer's affidavit with specific first-hand observations. He not only denied service but even explained where he was at the time of service and how he remembers so precisely. The disputed factual issues could not be resolved without an evidentiary hearing: "a determination of credibility cannot be made on the basis of an affidavit. That is, a judge cannot take two affidavits which swear to opposite things and say, 'I find one of the affidavits more credible than the other, and therefore I shall accept it as true.'" *Castillo v. United States*, 34 F.3d 443, 446 (7th Cir. 1994); see *Franco v. United States*, 762 F.3d 761, 764–65 (8th Cir. 2014) (district court abused its discretion by determining that one affidavit was more credible than another without evidentiary hearing); *Bischoff v. Osceola County*, 222 F.3d 874, 882 (11th

Cir. 2000) (district court erred by judging witness credibility without holding evidentiary hearing). This general principle applies to evidentiary disputes like this one about service of process. See *Homer*, 415 F.3d at 751, 757 (evidentiary hearing was necessary where litigants filed dueling affidavits regarding service of process); *George*, 223 F.3d at 453 (same); *Old Republic Ins. v. Pacific Fin. Servs.*, 301 F.3d 54, 57 (2d Cir. 2002) ("A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing."). Only a live hearing can resolve this factual dispute.

The district court's denial of defendants' Rule 60(b) motion is VACATED and the case is REMANDED for further proceedings consistent with this opinion.