In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 23-2495

ASYMADESIGN, LLC,

*Plaintiff-Appellant,*

*v.*

CBL & ASSOCIATES MANAGEMENT, INC.,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 3:21-cv-50374 — **Iain D. Johnston**, *Judge.*

_____

ARGUED MAY 29, 2024 — DECIDED JUNE 3, 2024

_____

Before EASTERBROOK, BRENNAN, and SCUDDER, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* AsymaDesign, LLC, entered into a lease with CBL that allowed AsymaDesign to operate a virtual-reality ride in a shopping mall. When people complained about noises from the ride, CBL moved it to a different location in the mall, as the lease permitted. The ride was not profitable in the new location. AsymaDesign stopped

paying rent, was evicted, and on December 8, 2017, dissolved under the Illinois Limited Liability Company Act.

Almost four years later George Asimah, the former LLC's owner, filed this suit under 42 U.S.C. §1981 and state contract law. He contended that CBL discriminated on account of race (Asimah describes himself as African-American) when not allowing the LLC extra time to pay its rent. The district court dismissed the suit because Asimah was not the real party in interest: AsymaDesign, not Asimah personally, held the lease. 2022 U.S. Dist. LEXIS 169145 (N.D. Ill. Sept. 20, 2022). Asimah might have contended that on its dissolution AsymaDesign distributed to its former member (Asimah himself) the right to bring this suit, but he did not make such an argument.

An amended complaint named AsymaDesign as an additional plaintiff. The district court dismissed the amended complaint as untimely because, although Illinois law allows a dissolved LLC a "reasonable time" to wind up its business, 805 ILCS 180/35-4(c), AsymaDesign had not even *begun* to litigate until almost five years after its dissolution, exceeding the benchmark allowed by Illinois law. 2023 U.S. Dist. LEXIS 97640 (N.D. Ill. June 5, 2023), relying on *Sienna Court Condominium Association v. Champion Aluminum Corp.*, 2017 IL App (1st) 143364 ¶¶ 105–111, reversed in part on other grounds, 2018 IL 122022.

AsymaDesign then filed a notice of appeal. It is the sole named appellant, see Fed. R. App. 3(c)(1)(A), a limitation that denies Asimah any chance to make a belated argument that AsymaDesign distributed the chose in action to him.

The notice of appeal is signed only by George Asimah. He is not a lawyer and therefore cannot represent AsymaDesign

or anyone other than himself. See, e.g., *United States v. Hagerman*, 545 F.3d 579 (7th Cir. 2008); *Philos Technologies, Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857–58 (7th Cir. 2011); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985). The need for an attorney to sign on behalf of someone else appears in Fed. R. Civ. P. 11(a) as well as our case law: "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." (A notice of appeal is filed in the district court, so Rule 11(a) applies.)

After CBL objected in its brief to the lack of an attorney's signature on the notice of appeal, AsymaDesign did not file a reply brief. At oral argument its lawyer asserted that, under Illinois corporate law, any person may represent a corporation. This assertion has multiple problems: first, an LLC is not a corporation (separate statutes apply to LLCs and corporations); second, the statutory reference does not appear to supersede the norm that a member of the bar is needed to represent a corporation *in court*; third, and dispositive, federal rules govern the procedure for litigation in federal court. See, e.g., *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010); *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415 (1996); *Mayer v. Gary Partners & Co.*, 29 F.3d 330 (7th Cir. 1994). The federal rule is clear: only a member of the court's bar (or a lawyer admitted *pro hac vice*) can represent another person or entity in litigation.

Rule 3(a)(2) specifies that defects in the notice of appeal, other than filing within the time allowed by statute, do not affect appellate jurisdiction. Compare *Bowles v. Russell*, 551 U.S. 205 (2007) (untimely notice of appeal does not vest

jurisdiction in a court of appeals), with *Hamer v. Neighborhood Housing Services of Chicago*, 583 U.S. 17 (2017) (failure to comply with the Federal Rules is not a jurisdictional problem). We held in *1756 W. Lake St. LLC v. American Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015), that a non-lawyer's signature on an organization's notice of appeal does not negate appellate jurisdiction.

Still, even non-jurisdictional rules must be enforced when the beneficiary stands on its rights. The Supreme Court calls these requirements "claims-processing rules." The need for bar membership to act as another person's agent in court is a claims-processing rule. CBL asserts the benefit of this rule, and AsymaDesign has not contended that it waited too long to do so. Cf. *Hamer v. Neighborhood Housing Services of Chicago*, 897 F.3d 835 (7th Cir. 2018) (non-jurisdictional rules that affect the validity of an appeal normally must be raised in the parties' docketing statements). AsymaDesign's sole argument has been that anyone may represent an Illinois corporation in federal court. That argument is misguided, so the appeal must be dismissed.

We are publishing this opinion not just to make these obvious points but also to urge all lawyers to read and follow this circuit's *Practitioner's Handbook for Appeals* (2020 ed.), which is available on the court's web site at https://www.ca7.uscourts.gov/rules-procedures/Handbook.pdf. The *Handbook* discusses the uses of reply briefs and docketing statements, subjects on which AsymaDesign's lawyer may need a refresher. And, more important for the sore eyes of judges who must read copious legal materials, the *Handbook* (at 170–77) contains some important advice about typography.

Of the many typographic suggestions in the *Handbook*, the one most important to readers is that lawyers choose typefaces (often called fonts) suited for use in books and other long-form presentations. Page 174 offers this advice:

- Both the Supreme Court and the Solicitor General use Century. Professional typographers set books in New Baskerville, Book Antiqua, Calisto, Century, Century Schoolbook, Bookman Old Style and many other proportionally spaced serif faces. Any face with the word "book" in its name is likely to be good for legal work. Baskerville, Bembo, Caslon, Deepdene, Galliard, Jenson, Minion, Palatino, Pontifex, Stone Serif, Trump Mediäval, and Utopia are among other faces designed for use in books and thus suitable for brief-length presentations.

- Use the most legible face available to you. Experiment with several, then choose the one you find easiest to read. Type with a larger "x-height" (that is, in which the letter x is taller in relation to a capital letter) tends to be more legible. For this reason, faces in the Bookman and Century families are preferable to faces in the Garamond and Times families. You also should shun type designed for display. Bodoni and other faces with exaggerated stroke widths are effective in headlines but hard to read in long passages.

Jason R. Epstein, who represents AsymaDesign, did not heed this advice. His brief is set in Bernhard Modern, a display face suited to movie posters and used in the title sequence of the *Twilight Zone* TV show. Wikipedia explains: "A somewhat

decorative text typeface, it is distinct for its low x-height, elongated ascenders, and relatively short descenders giving it an appearance of height without requiring excessive leading. Serifs are wide and splayed." https://en.wikipedia.org/wiki/Bernhard_Modern. Those are not characteristics that conduce to easy reading of long passages.

Most of this opinion is in the Seventh Circuit's normal type: 12-point Palatino Linotype. We set this paragraph and the next in 16-point Bernhard Modern to give a sense of what AsymaDesign's brief looks like—and of how much harder it is to read a display face than a typeface designed for books or legal briefs. (A passage of 12-point Bernhard Modern, such as this sentence, requires a magnifying glass because the x-height is so low.)

Matthew Butterick, a type designer turned appellate lawyer, offers advice similar to that in our *Handbook*. See Matthew Butterick, *Typography for Lawyers* (2d ed. 2018), or his web site of the same name. He provides a different (though overlapping) list of typefaces good for use in legal briefs. If you don't believe our *Handbook*, believe Butterick. His book and web site include many examples of what to emulate—and what to avoid.

Judges are long-term consumers of lengthy texts. To present an argument to such people, counsel must make the words easy to read and remember. The fonts recommended in our *Handbook* and *Typography for Lawyers* promote the goals of reading, understanding, and remembering. Display faces

such as Bodoni or Bernhard Modern wear out judicial eyes after just a few pages and make understanding harder.

We hope that Bernhard Modern has made its last appearance in an appellate brief.

The appeal is dismissed.