In the

# United States Court of Appeals
## For the Seventh Circuit

No. 25-2074

YINNV LIU,

*Plaintiff-Appellee,*

*v.*

MONTHLY, *et al.,*

*Defendants-Appellants.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:24-cv-02982 — **John Robert Blakey**, *Judge*.

ARGUED FEBRUARY 20, 2026 — DECIDED MARCH 31, 2026

Before ROVNER, KIRSCH, and MALDONADO, *Circuit Judges*.

KIRSCH, *Circuit Judge*. Yinnv Liu sued hundreds of online vendors for allegedly infringing upon her registered trademark. Because the defendants failed to appear in district court, the court entered default judgment against them. When they eventually appeared, the defendants moved to vacate the default judgment, arguing primarily that the district court lacked personal jurisdiction. The district court denied the defendants' motion, reasoning that jurisdiction was appropriate

because the defendants operated online stores accessible in the United States, offered shipping to the United States, and had sold allegedly infringing products to Illinois residents. Because we find that no such sales took place, and the remaining facts in support of personal jurisdiction are insufficient, we vacate the default judgment and remand the case for dismissal.

I

Yinnv Liu possesses a registered trademark for three stylized Chinese characters. In April 2024, Liu filed suit against hundreds of foreign entities for trademark infringement, counterfeiting, and false designation of origin in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)(1)(A). All of the entities, listed on a document attached to Liu's complaint, were vendors operating e-commerce stores through platforms such as Walmart.com and eBay.com. Suits of this nature are known as Schedule A cases. As here, Schedule A cases typically allege trademark, copyright, or patent infringement by online merchants located overseas. Because the defendants are too numerous to list in the complaint, they are identified separately in a Schedule A document attached to the complaint.

As relevant to this appeal, Monthly, 268 Joybuy 12573, 269 Joybuy 10253, 272 Joybuy 7323, 273 Joybuy 8504, 279 Joybuy 12574, 288 Joybuy 12907, 289 Joybuy 12516, 293 Joybuy 12634, 295 Joybuy 7326, 296 Joybuy 12523, 298 Joybuy 12449, 301 Joybuy 12893, 338 Joybuy 12907, 339 Joybuy 12907, and 340 Joybuy 12907 (hereinafter, "the defendants") were among those sued. The defendants are based in China and concede that they operated e-commerce stores on Walmart.com, which offered shipping to Washington, D.C. and the 48 contiguous states.

The defendants never appeared before the court, so in August 2024, the district court entered default judgment for Liu. In its default judgment order, the court found that it had personal jurisdiction over the defendants because they "targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products … to residents of Illinois." The court's conclusion that Illinois sales took place was based on evidence, provided by Liu, that the defendants "stand ready, willing and able to ship [their] counterfeit goods to customers in Illinois."

In January 2025, the defendants appeared for the first time and moved to vacate the default judgment under Federal Rule of Civil Procedure 60(b). They argued that the district court lacked personal jurisdiction over them and that they had not been properly served with process. Liu never responded to the motion to vacate, and the district court indicated that if Liu failed to do so, it would grant the motion and vacate the judgment as to the moving defendants. However, after Liu did not respond, the district court denied the defendants' motion. The court explained that it had previously found both personal jurisdiction and proper service, and that the defendants "offer[ed] no factual basis to revisit those prior findings." The defendants appeal the district court's denial of their motion to vacate. Liu failed to appear on appeal. However, an amicus appeared and moved to present oral argument in support of Liu and the district court's decision, which we permitted.

## II

We typically review the denial of a motion for relief under Rule 60(b) for an abuse of discretion. *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 854 (7th Cir. 2011). But when a defendant asserts that a judgment is void for lack of jurisdiction, the standard of review is "less deferential," because "no court has the discretion to refuse to vacate [a] judgment once it recognizes its lack of jurisdiction." *Id.* at 854–55. We review a district court's resolution of the legal question about the existence of personal jurisdiction de novo and its related factual findings for clear error. *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 911 (7th Cir. 2015). The defendant bears the burden of proving the court's lack of personal jurisdiction. *Id.*

"In a case involving federal question jurisdiction, a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022) (citation modified). Since the Lanham Act doesn't provide a federal rule for personal jurisdiction, we look to Illinois law for the governing rule. See *id.* Illinois's long-arm statute provides that "[a] court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 Ill. Comp. Stat. 5/2-209(c).

There is no contention that the defendants are subject to general personal jurisdiction in Illinois. For a defendant to be subject to specific personal jurisdiction under the Due Process Clause, three requirements must be met: (i) the defendant's contacts with the forum state must show that it purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state; (ii)

the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities; and (iii) the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *NBA Props.*, 46 F.4th at 623.

In the context of Schedule A litigation, a defendant's operation of an online store accessible in the forum state, combined with completed sales in the forum state, has been found sufficient to subject that defendant to personal jurisdiction. See *id.* at 623–27. However, when assessing a defendant's online contacts with a forum, we have cautioned that merely "operat[ing] a website, even a highly interactive website, that is accessible from, but does not target, the forum state" is not enough to sustain jurisdiction. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 400 (7th Cir. 2020) (citation modified); see *NBA Props.*, 46 F.4th at 624 (applying *Curry* in the Schedule A context).

In its docket entry denying the defendants' motion to vacate, the district court affirmed that it had personal jurisdiction because the defendants operate e-commerce stores which are accessible in and offer shipping to the United States, through which Illinois residents have purchased products. Yet there's no evidence in the record of Illinois purchases. The evidence upon which the district court relied shows only that it was possible to order the defendants' products and have them shipped to Illinois, not that such sales took place. Those records consist of screenshots of Walmart's website showing the checkout page with the infringing product, a Chicago shipping address, and the estimated total, but not a completed purchase. Even Liu's motion for a temporary restraining order, to which these screenshots were attached, asserted only that the screenshots demonstrate that infringing

products "were offered for sale to residents of the United States, including Illinois residents," not that they prove actual sales in Illinois.

Therefore, the district court clearly erred in finding that the defendants sold products to Illinois customers. Nor was that error harmless. Without those sales, the court's basis for personal jurisdiction is merely that the defendants operated online stores accessible in the United States, which offered shipping to the United States. As we explained in *Curry*, more is required to establish purposeful action by the defendant and thus personal jurisdiction; a defendant may not be "haled into court simply because the defendant owns or operates a website that is accessible in the forum state." 949 F.3d at 400 (citation modified). That's true even if the website is "highly interactive" and capable of accepting orders that would ship to customers in the forum state. *Id.*; see also *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799, 801 (7th Cir. 2014) (declining to find personal jurisdiction even though the defendant had an interactive website capable of accepting orders from Indiana citizens).

Because the district court clearly erred in finding that sales took place in Illinois, and therefore legally erred in finding that it had personal jurisdiction over the defendants, we need not address the defendants' arguments regarding service of process. We vacate the default judgment and remand with instructions to dismiss the case against the defendants for want of jurisdiction.

VACATED AND REMANDED