BLD-237                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1334
_____

JOHN E. REARDON; JUDITH A. REARDON; JOHN J. REARDON

v.

NOEL HILLMAN; JAY SANCHEZ; DESIREE RAMSEY; RYAN MERRIGAN

John E. Reardon,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-18-cv-01296)
Magistrate Judge:  Honorable Brian R. Martinotti
_____

Submitted on Appellees' Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 18, 2019
Before:  AMBRO, KRAUSE, and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 19, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant John Reardon appeals the District Court's order denying several post-judgment motions. The Government has filed a motion for summary affirmance. We will grant the Government's motion and summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In his complaint, Reardon alleged that District Judge Noel Hillman and three employees of the District of New Jersey's Clerk's Office violated his constitutional rights by refusing to enter default and a default judgment in his favor in two other actions that he litigated in the District of New Jersey. The District Court dismissed the complaint with prejudice as to Judge Hillman and without prejudice as to the other defendants. Reardon elected to stand on his complaint and appealed to this Court. We affirmed, concluding that "[t]he District Court correctly concluded that absolute judicial immunity applies in this case insofar as Reardon claims his injuries stem directly from the failure of District Judge Hillman and the Clerk's Office employees to direct the entry of default judgment in his favor." See Reardon v. Hillman, 735 F. App'x 45, 46 (3d Cir. 2018) (per curiam) (non-precedential).

Reardon then filed a Rule 60(b) motion in the District Court. He alleged that the Courts had erred in concluding that the defendants were immune from suit and that the District Court had erroneously dismissed his complaint sua sponte. He also filed a motion to amend his complaint and a motion to recuse the District Judge. The District Court denied the motions, and Reardon filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the denial of relief under Rule 60(b)(4), and we review orders concerning other

2

subsections of Rule 60(b) for abuse of discretion.  See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008).  We review the District Court's denial of Reardon's motions for leave to amend and for recusal for abuse of discretion.  See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878 (3d Cir. 2018) (amendment); Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 166 (3d Cir. 2004) (recusal).

The District Court did not err in denying Reardon's motions.  He raised on direct appeal all of the arguments that he presented in his Rule 60(b) motion, and in affirming, we necessarily rejected those arguments.  "A request for relief pursuant to Rule 60(b) cannot be used as a substitute for an appeal," Morris v. Horn, 187 F.3d 333, 343 (3d Cir. 1999) (alteration omitted) (quoting Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 653 (3d Cir. 1998)), let alone as a substitute for rehearing or certiorari, see Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 312 (3d Cir. 1999) (en banc); see also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) ("[A] motion under Rule 60(b)(4) is not a substitute for a timely appeal.").  Thus, the District Court properly denied Reardon's Rule 60(b) motion.  See generally Bell v. Eastman Kodak Co., 214 F.3d 798, 801 (7th Cir. 2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.").

Nor did the District Court err in denying Reardon's request to amend his complaint.  The District Court provided Reardon with an opportunity to amend his complaint when it initially dismissed it, but Reardon instead chose to appeal immediately.

While Fed. R. Civ. P. 15(a) gives district courts broad discretion to permit amendment, "the liberality of the rule is no longer applicable once judgment has been entered," and instead, amendment "cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60." Ahmed v. Dragovich, 297 F.3d 201, 207–08 (3d Cir. 2002) (quotation marks omitted). As just noted, Reardon provided no valid basis to reopen the judgment under Rule 60(b). Moreover, insofar as Reardon merely reasserted essentially the same claims that this Court had already concluded were barred by the defendants' immunity, any amendment would have been futile. See generally id. at 209.

Finally, the District Court committed no error in denying Reardon's motion to recuse. Reardon's motion was premised on his belief that the District Court acted improperly in dismissing his complaint, but "[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

Accordingly, we grant the Government's motion for summary disposition and will summarily affirm the District Court's judgment.

4