NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2022[*]
Decided July 20, 2022

*Before*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2433

| | |
|---|---|
| DEBRA SAUER, | Appeal from the United States District Court |
| *Plaintiff-Appellant*, | for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | No. 14-cv-07191 |
| CITY OF CHICAGO, et al., | Andrea R. Wood, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Debra Sauer sued the City of Chicago, two police officers, plus Northwestern Memorial Hospital, Methodist Hospital of Chicago, and their staff, after she was involuntarily hospitalized. Over the course of eight amended or proposed amended complaints, Sauer dropped her claims against the hospitals and their staff, but then

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

sought to bring those claims back in her final operative complaint. The district court eventually granted summary judgment to the City and the police officers and dismissed all of Sauer's other claims for failure to serve the remaining defendants. A year later, Sauer moved for relief from the judgment seeking to revive her claims against one hospital and doctors affiliated with both hospitals. When that motion was denied, she moved for reconsideration, and the court partially granted that request, vacating its prior order but still leaving the judgment intact. Sauer now appeals the order resolving her motion to reconsider her motion for relief from the judgment. Because the district court did not abuse its discretion by declining to reopen Sauer's case, we affirm.

This case has a long and complex history. It began a decade ago, when police officers responded to a domestic dispute and determined Sauer was a danger to herself and others. They brought her to Northwestern for involuntary treatment, and that hospital then transferred her to Methodist for further treatment before she was released two weeks later. In 2014, she sued the officers, the City, the two hospitals, and the staff that treated her, alleging the officers violated her rights under the constitution and bringing state-law claims against the various medical defendants. Sauer amended her complaint and otherwise dropped or added claims repeatedly. In 2015, she voluntarily dismissed her claims against Northwestern and staff at both hospitals, ostensibly under Rule 41(a) of the Federal Rules of Civil Procedure.

A year later, however, she filed a fifth amended complaint without the court's leave and sought to add back the dismissed claims. The court struck that complaint, allowed Sauer to refile, and ordered her to serve any new or returning defendants. *See* FED. R. CIV. P. 4(m). Methodist Hospital settled, and the claims against it were dismissed, while the participating defendants that remained—the City and police officers—moved for summary judgment. Despite multiple extensions, Sauer did not timely file a response. Eventually, in March 2020, the district court granted the City and the officers judgment as a matter of law on Sauer's constitutional claims. It then dismissed her claims against any other defendants named in the complaint without prejudice because she had not served any of them with her fifth amended complaint, as she had been ordered. Sauer did not appeal.

One year after the court entered judgment, Sauer (now without a lawyer) moved for relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. She sought to revive her claims against one of the hospitals and doctors from both hospitals, but the court denied the motion as untimely, on the view that she had voluntarily dismissed the claims back in 2015. Sauer filed a notice of appeal and, at the

same time, moved in the district court to reconsider its ruling on her Rule 60 motion. She pointed out that she had realleged her claims against Northwestern and the doctors in her fifth amended complaint and contended it was her lawyer's fault the complaint was not served. We dismissed her appeal as untimely. *See Sauer v. City of Chicago*, No. 21–1924 (7th Cir. dismissed Jul 23, 2021).

The district court, meanwhile, granted in part Sauer's motion to reconsider its ruling on her Rule 60 motion. The court acknowledged that its prior order had overlooked the revived allegations in the fifth amended complaint, so it vacated that order. But it still declined to reopen the case. The court explained that it had already entered judgment on the constitutional claims against the officers and the City and had dismissed all the remaining claims without prejudice for failure to serve the complaint. It now explained that it also would have relinquished supplemental jurisdiction over those state-law claims under 28 U.S.C. § 1367(c)(3), which would have had the same effect.

Sauer appealed again, and this appeal is timely only with respect to the order denying her motion to reconsider the denial of her Rule 60 motion. *See* 28 U.S.C. § 2107(a); *Bell v. McAdory*, 820 F.3d 880, 882 (7th Cir. 2016). Regarding that order, she maintains only that the district court's refusal to reopen the case improperly penalized her for the mistakes of her "miscreant lawyer." Ineffective assistance of counsel, though, is never grounds to reopen a judgment in a civil case. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 802 (7th Cir. 2000). The district court did not abuse its discretion in letting the judgment stand despite Sauer's protests.

Otherwise, Sauer seeks to challenge the underlying summary judgment for the police officers and the City, asserting that the district court improperly construed disputed facts against her. But we lack jurisdiction to review that order. A notice of appeal must be filed within 30 days of the judgment, FED. R. APP. P. 4(a); *Bowles v. Russell*, 551 U.S. 205, 210 (2007), and Sauer noticed this appeal more than a year after that deadline passed.

AFFIRMED